## School-District No. 4, of Easton, v. Jacob Snell and another.

*School-district officers : District liable for books and blanks purchased.* The primary-school law of this state contains numerous requirements which can only be adequately or appropriately met by the admission of a power in the district board, or in one or more of its officers, to procure, at the expense of the district, such paper, books and blanks from time to time as are reasonably needed for the apt keeping of the district records, and the orderly disposition of district business; and the director appears to be the officer specially intrusted with this power.

Where the director, moderator and assessor of a school district purchased for the district a set of bound books and some blanks, known as "Adams' System of School Records," suitable for the purposes of the district, at their fair value, and while the district was not properly supplied with such materials, in the absence of any showing that the discretion of such officers was abused or exceeded, the district is liable.

*Errors that do not prejudice, not considered.* A judgment will not be reversed because the court below, in a special finding under circuit court rule No. 87,

neglected to pass specifically upon some points of law presented to him, which were not material to the case; or because he found incorrectly upon some preliminary propositions of law relied upon as leading to the ultimate result, where such preliminary findings worked no legal prejudice to plaintiff in error, and the final conclusion was such as a true view of the facts and law really required.

*Heard·January 10.    Decided April 3.*

Error to Ionia Circuit.

*L. B. Soule* and *William O. Webster*, for plaintiff in error.

*Lemuel Clute*, for defendants in error.

GRAVES, J.

This case originated in a justice's court where the defendants in error obtained judgment. The plaintiff in error thereupon appealed to the circuit court, and the case being there tried without a jury, it resulted· as before, and the district brought error. The case was decided in the circuit court, upon a state of facts agreed upon, and the amount involved was substantially fixed by such statement at the sum specified in the judgment. The ground of defense was that the district was not liable at all.

It appears that in 1865, Snell was director, Booker moderator, and one Bemis, assessor of the district, and that having no books for district records, except one made of foolscap sewed or pinned together and nearly full, these officers purchased for the district, on the recommendation of the superintendent of public instruction, a set of bound books and some blanks, known as "Adams' System of School Records." The price was thirty-four dollars, which the district admits was the fair value, and there is no complaint that the books were not suitable for the purpose for which they were procured, and it is not pretended that the district was properly supplied with paper, blanks and record materials, at the time of the purchase. An order was drawn for the price, with interest at ten per cent., on the town-

ship treasurer, and payable out of the expense fund of the district; but it was not paid. The officers of the district proceeded to use the books, or rather part of them, as record books of the district, and continued so to use them for about two years and a half. The director having presented the account for the books at two annual meetings, it was rejected, and allowance and payment of it positively refused. The defendants in error became the owners of the claim, and instituted the suit for its recovery. The district denies the authority of the board, and of any and each of its members, to purchase any books and blanks for records, at the expense of the district, without a regular vote of the electors previously given, directing or authorizing the act, and this claim raises the main question in the case. In its practical aspect, this question is quite important, but its determination is not difficult. It is properly one of construction of the school laws in their bearing upon the duties of the district and of its officers.

The necessity for clear, full and orderly kept records of the doings of school districts, is too palpable to require statement or explanation; and if there were no legislative regulations on the subject, the patent and unanswerable reasons for the preservation, in a suitable and durable form, of apt memorials of the organization and proceedings of these bodies, would require that appropriate books and blanks should be provided by somebody; and as the districts would naturally be the owners and controllers of their records, and strictly speaking the parties solely benefited, and as no one else would be under any duty to furnish the books and blanks without compensation, it would seem to follow on general grounds, that the districts would be justly liable for the true value of necessary books and papers when obtained.

The articles here in question have been used for the

benefit of the district by its officers for two years and a half, and they now contain, completely incorporated with them, the original records of the district for that time, and they either belong to the district or to defendants in error; and if they belong to the latter, then the district has no records for the foregoing period, while on the contrary, if the district is entitled to them, no reason appears why the latter should not pay for them.

This dilemma affords an argument in favor of the view that if the statute were silent on the subject it would be for the board, or some member of it, in the exercise of a just discretion, to determine what record books and blanks and paper were necessary in the absence of any direction by the district, and to procuré them at the expense of the district. The statute, however, is not silent on this subject. It is true that it contains no specific directions in precise and express terms as to the number or quality of the books to be provided, or as to the quantity and quality of paper and blanks to be furnished, or as to the cost of these things. Neither does it point out in express words the number or kinds of pails or brooms to be provided, or the prices which may be paid for them. Any such minute regulations would be unwise if not impracticable. The law, therefore, in general terms in some cases, and by implication in others, confers the power, and imposes the duty, and leaves the details to the sound discretion of the director, to be exercised according to the circumstances of individual occasions. The fourth section of the primary-school law requires the director first chosen, and before any funds are provided, and without any vote of the electors, to provide a book "at the expense of the district," and therein to record the notice for the first meeting as "a part of the records of the district."

By section five the director is required to *record* the

24 MICH.—45.

*acceptance* of officers elected. By section nine the record made by the director, as provided in section four, is made *prima facie* evidence of the facts therein set forth, and of the legality of all proceedings in the organization of the district prior to the first district meeting. By section thirty-eight the director is required to *record all proceedings of the district in a book to be kept for that purpose;* and the twenty-third section requires the voters to impose a tax for the purpose, among other things, of paying "any debts or liabilities of the district lawfully incurred." Without making further specific references, it is enough to say that the law contains numerous requirements which can only be adequately or appropriately met by the admission of a power in the board, or in one or more of its officers, to procure, at the expense of the district, such paper, books and blanks from time to time, as are reasonably needed for the apt keeping of the district records and the orderly disposition of district business; and that a denial of this power by the district, is equivalent to a refusal to discharge its own duties, and tantamount to an assertion that its officers shall not have the means to discharge theirs.

The director appears to be the officer specially intrusted with this power and made subject to the duty connected with it; and the exercise of the power and the performance of the duty necessarily require the exercise of an honest judgment and discretion; and when this discretion is not abused or exceeded the district is bound. As already intimated, the defense here is based upon an alleged want of power, and not upon any imputed abuse of authority; and as the power existed, we may properly defer any consideration of the legal consequences of an abuse or stretch of discretion given to the director until a case is presented which demands it.

According to the facts stated in the record, the district

was liable upon the purchase when it was made, and the defendants in error having become the owners of the claim and, so far as appears, under no circumstances impairing their right, they were entitled to recover.

But it is objected that the court erred in refusing to pass specially upon some of the points of law presented on the part of the plaintiff in error under the eighty-seventh rule of the circuit courts, and likewise in some of the findings of law upon the facts. The court seems to have passed upon all the points which were material, and nothing more was necessary. And it is a matter of no legal consequence upon this record whether the court correctly or incorrectly stated the law upon some of the propositions relied on as leading to the ultimate result, since the final conclusion was such as a true view of the facts and law really required. If any fault was committed in the preliminary findings they worked no legal prejudice to the district and cannot be regarded on this writ of error.

The judgment should be affirmed with costs.

The other Justices concurred.