## The People on the relation of Joseph O'Blinskie v. The Judge of the Circuit Court for the County of Kent.

*Written findings:  Judgment:  Provisional action:  Ejectment:  Statutory new trial:  Time.*   Where on a trial by the court without a jury written findings are requested, a judgment entered up before the findings are finally completed and filed, is premature and to be regarded as provisional action merely, which ?only becomes perfected when the findings are completed; and the time for taking a new trial in ejectment, as matter of right under the statute, should date from the day when judgment becomes thus perfected.

*Ejectment:  Statutory new trial:  Time:  Pendency of writ of error.*   Whether, where writ of error is sued out, the time of the pendency of the case in error is to be excluded, in computing time within which new trial in ejectment may be demanded as matter of right under the statute:— *Quære?*

Heard April 18.     Decided April 19.

Application for *Mandamus.*

O'BLINSKIE *v.* JUDGE OF KENT CIRCUIT.

This application is made to have the respondent directed to vacate an order, in an ejectment cause brought by James M. Allen against the relator, denying a motion (1) for leave to move for new trial and (2) for a new trial. The cause had been tried by the court without a jury April 12, 1872; finding filed and judgment entered for plaintiff August 26, 1872; additional and further finding at request of defendant filed June 5, 1874; writ of error sued out July 15, 1874; judgment affirmed January 28, 1875; remittitur filed December 28, 1875. The motion on which the order complained of was granted was made September 19, 1875, heard January 14, 1876, and decided February 4, 1876.

*Taggart, Allen & Wolcott,* for relator.

*L. D. Norris,* for respondent.

COOLEY, CH. J:

Where a cause is tried by the circuit judge without a jury and written findings are requested, the law contemplates that these shall be filed as the foundation of judgment. If for any reason of inadvertence or otherwise the judgment is entered up before the findings are filed, or if the findings are defective and are afterwards corrected, we are of opinion that the judgment so entered up previously is to be regarded as in the nature of provisional action, which only becomes perfected when the findings are completed, and that the time for taking a new trial as matter of right should date from the day when judgment could have been taken on the completed finding.—See *Stansell v. Corning, 21 Mich., 242*.

Whether, where writ of error is sued out, the time of the pendency of the case in error is to be allowed for, we do not decide, as it is immaterial in this case.

The other Justices concurred.