## Douglas Gibson and another v. School District No. 5 of the Township of Vevay.

*School districts: Charts: Appendages of school-house: Director.*   National Business Multiplication Charts, being charts or cards containing the multiplication table, practical forms of business contracts, and also brief mention of prominent historical events, and designed for use in school-rooms, are held not to be necessary appendages for the school-house, within the meaning of the statute (*Comp. L. 1871*, § *3618*), such as the director is required to provide.

*Charts: School districts: Discretion of officers: Necessity.*   There was no such necessity for the purchase of these charts as would bring the case within the principles of *School District v. Snell, 24 Mich., 350.*

*Charts: School director: Unauthorized purchase: Ratification.*   The purchase of these charts by the director, without instructions from the district board, being unauthorized and void as to the district, his retention of them, and occasionally placing them in the school-house, could not operate as a ratification by the district of his unauthorized purchase.

*Submitted on briefs April 12.    Decided April 24.*

Error to Ingham Circuit.

This suit was brought by plaintiffs in error in justice's court, where they obtained judgment, and the school district took an appeal to the circuit. The cause in the circuit was tried by the court without a jury and the following special finding filed, viz.:

"This cause was tried before the court without a jury, and the following facts are found and conclusions of law deduced therefrom:

"*First.* That the defendant is a school district duly organized, and was such on the 7th day of March, 1871.

"*Second.* That on that day William M. Williams was director and Henry M. Rutly moderator, and signed and delivered to the payees therein named the following order:

'TOWNSHIP OF VEVAY,
'COUNTY OF INGHAM, STATE OF MICHIGAN,
'*March 7th, 1871.*

'MR. ―――― ――――, *Township Treasurer*:—Please accept, and, on or before the first day of February, 1872, pay Attaway & Barlow, or bearer, the sum of twenty-five dollars, out of the library school fund belonging to school district number five, in said township, with interest at ten per cent. if not paid when due, for a set of 'National Business Multiplication Charts,' purchased and received by us for the use of said district.

'WILLIAM M. WILLIAMS, *Director.*'
'HENRY M. RUTLY, *Moderator.*'

"*Third.* That the plaintiffs purchased and paid for this order about two weeks after it was given.

"*Fourth.* That it was given for the charts referred to in the order, which were received by one of the officers signing the order; that they consisted of a dozen or more charts or cards containing the multiplication table, practical forms of business contracts, and also brief mention of prominent historical events, and were designed for use in schoolrooms, but proved to be of no practical use or value as a means of instruction; that they have, ever since the purchase, been retained by the district; that there has been no

effort on its part to return or re-deliver them to the persons of whom they were purchased, or to any one, and it has been the habit of the director of the district, during a portion of the time since the purchase, to place them in the school-house of the district at the commencement of school term for use, but they have not been found useful for the purpose for which they were designed and purchased—that is, as a means of instruction, and in point of fact were of no value for that purpose.

"*Fifth.* That the order was never presented to the township treasurer for acceptance or payment.

"*Sixth.* That at the time the charts were sold and the order signed, the director and moderator were not together, but the agent of the payees, through whom they transacted the business, visited or called upon them separately, and to each represented that the district had moneys to its credit belonging to the fund upon which the order was drawn; that if it had not, and the order could not in consequence be paid out of such fund, the district should not be called upon to pay for the charts at all.

"Upon these facts the following conclusions of law are deduced:

"*First.* That the order is void, having been drawn upon the township treasurer.

"*Second.* That the purchase and agreement as to the price was not within the authority of the director or moderator with whom the transaction was had, and the plaintiff cannot therefore recover for goods sold and delivered.

"Let the judgment be for the defendant, with costs."

*M. V. & R. A. Montgomery,* for plaintiffs in error.

*Kilbourne & Clayberg,* for defendant in error.

MARSTON, J:

Counsel for the school district claim, and counsel for plaintiffs in error concede, that the order of March 7th, a

copy of which is set forth in the finding of facts, is void. It is not pretended that the charts in question were purchased pursuant to instructions given by the district board, or that the board at any time after the purchase ratified it. It is claimed that *section 3618* makes it the duty of the director to provide the necessary appendages for the schoolhouse, and keep the same in good condition and repair, and that under this section he could purchase the charts in question. We think that these charts can in no proper sense of the term be considered a necessary appendage within the meaning of this section. If they could be so considered, then it would be difficult to draw the line, and at all limit the power of the director in this direction. Nor do we think that there was any such necessity for the purchase of these charts as would bring the case within the principles of *School District v. Snell, 24 Mich., 350,* as claimed. The fact that these charts have been retained and occasionally placed in the school-house by the director, would not be such a ratification of an unauthorized and void contract as would entitle plaintiffs to recover. The director could not in this way ratify a contract which he was incapable of making in the first instance.—*Township of Taymouth v. Koehler, 35 Mich., 22.*

The judgment must be affirmed, with costs.

The other Justices concurred.