Marshall & Ilsley Bank vs. Milwaukee Worsted Mills and another.

MARSHALL & ILSLEY BANK, Respondent,. vs. MILWAUKEE WORSTED MILLS and another, Interveners, Appellants.

*December 7, 1892 — January 10, 1893.*

*Premature judgment: Jurisdiction: Waiver of error: Debtor and creditor: Bills and notes.*

1. Where a judgment is prematurely entered (as upon a note before its maturity), the error does not go to the jurisdiction, but is an irregularity merely, which may be waived. This rule is applicable to a judgment entered upon a warrant of attorney; and a duly authorized release of errors, appearing of record, is a waiver of the irregularity.

2. Where such judgment is attacked upon the ground of irregularity only, the other creditors of the judgment debtor are in no better position than himself, and neither can avoid the judgment unless it is shown to be unjust or inequitable.

[3. Whether a note payable "on demand and without grace after date" is due at once or not until the day after its date, not determined.]

APPEAL from the Circuit Court for *Milwaukee* County. This is a controversy as to whether the plaintiff bank is, or the *Milwaukee Worsted Mills* and *J. & H. Clasgens Co.* are, entitled to certain money collected by the sheriff on an execution issued on a judgment recovered by the bank against the defendants Hyman, and paid into court.

The judgment was rendered and entered upon a note and warrant of attorney executed by the defendants to the bank for $10,000, dated September 21, 1891. The note, by its terms, is payable "on demand and without grace after date." The judgment was entered on the same September 21st, and execution immediately issued thereon. The sheriff levied such execution upon the property of the execution debtors, and by virtue thereof sold such property, realizing from such sale, over and above expenses, about $7,800, which he paid into court. This is the money in controversy.

On the same September 21st, after the seizure of the goods by the sheriff on plaintiff's execution, each of the appellants, the *Milwaukee Worsted Mills* and *J. & H. Clasgens Co.*, who was a creditor of the Hymans, commenced an action against them on its demand, and caused a writ of attachment to be issued thereon and levied upon the same property in the hands of the sheriff by virtue of such execution.

The appellants petitioned the court to order their respective demands paid out of the money in controversy, or, rather, that the whole fund be paid to them; for their demands exceed the amount thereof. The petition alleges that the court had no jurisdiction to render such judgment, and that the same is void for that reason, and, further, that as to the appellants the judgment is fraudulent and void. When the petition was presented, the actions of the appellants were pending on traverses of the affidavits therein annexed to such attachments; but the bank stipulated that the case might be determined in the circuit court, and may be on this appeal, the same as though the appellants had theretofore recovered judgments against the Hymans to the amount of their respective demands.

The circuit court dismissed the petition on the merits, and this appeal is by the petitioners from the order dismissing the same.

For the appellant *Milwaukee Worsted Mills* there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas;* for the appellant *J. & H. Clasgens Co.* there was a brief by *Williams & Friend* and *Williams & Robinson;* and the cause was argued orally by *E. P. Vilas* and *O. T. Williams.* In the brief for the appellant *Milwaukee Worsted Mills* it was contended, *inter alia*, that if the note was not due, the judgment rendered upon it was premature and erroneous and void as against the appellants. *Sloane v. Anderson,* 57 Wis. 123, 132, 133; *Reid v. Southworth,* 71

id. 288, 290. The words "after date" in a note are co-extensive with "after the day of the date," or after the entire day, and the day of the date is excluded. *Taylor v. Jacoby*, 2 Pa. St. 495; Bayley, Bills & N. 154; Story, Bills, sec. 329; Chitty, Bills, 403, 404, 406; *May v. Cooper*, Fortescue, 376; *Coleman v. Sayer*, 1 Barn. 303; *S. C.* 2 Strange, 289; *Campbell v. French*, 6 Term, 212; *Bellasis v. Hester*, 1 Ld. Raymond, 280; *Avery v. Stewart*, 2 Conn. 72; *Roehner v. Knickerbocker L. Ins. Co.* 63 N. Y. 160; *Ripley v. Greenleaf*, 2 Vt. 129; *Henry v. Jones*, 8 Mass. 453; *Blanchard v. Hilliard*, 11 id. 85; *Woodbridge v. Brigham*, 12 id. 403; *Hartford Bank v. Barry*, 17 id. 94; *Ammidown v. Woodman*, 31 Me. 580; *McCoy v. Farmer*, 65 Mo. 244.

For the respondent there was a brief by *Wells, Brigham & Upham*, and oral argument by *J. R. Brigham*. To the point that a promissory note payable "on demand after date" is due immediately, they cited *Hitchings v. Edmands*, 132 Mass. 338; *Fenno v. Gay*, 146 id. 118; *O'Neil v. Magner*, 81 Cal. 631; *Turner v. Iron Chief M. Co.* 74 Wis. 355.

LYON, C. J. The claim of the appellants to the fund in question rests upon the proposition that the judgment of the bank on which the execution was issued, by virtue of which the judgment debtor's property was seized and sold, was entered without authority of law and is absolutely null and void; or, if not absolutely null and void, that such judgment is fraudulent, and therefore void as against the appellants.

It is undisputed that the bank was a *bona fide* creditor of the Hymans to the amount of their note; and there is no proof that the debtors or the bank intended, by means of such note and warrant of attorney, or in the subsequent proceedings thereon, to defraud the plaintiffs or any one else, but only intended to give and obtain a lawful preference over other creditors of the Hymans. Hence, if the

appellants can successfully question the validity of the judgment in favor of the bank, it is because the circuit court had no jurisdiction to render it.

The jurisdiction to render the judgment is denied on the sole ground that the note was not due when the judgment was entered, and the warrant of attorney did not authorize the entry of such judgment until the note became due. The warrant of attorney authorizes a release of errors, and the answer interposed for the Hymans contains such release. The claim of the appellants is that the note, which by its terms is payable "on demand and without grace after date," did not become due until the day after its date, and hence that there was no lawful authority to enter up judgment upon it on the day of its date. This proposition was very ingeniously and forcibly argued by the learned counsel for appellants, but we do not find it necessary to determine it on this appeal. If it be assumed that the judgment of the bank was prematurely entered, the error does not go the jurisdiction of the court, but is an irregularity only, which may be waived by the judgment debtor, and which was so waived in this case by a duly authorized release of errors, which appears of record. That such error was an irregularity merely, not affecting the jurisdiction of the court to render the judgment, was held in *Salter v. Hilgen*, 40 Wis. 363. Although that was an action commenced by summons, yet the rule there held is just as applicable to the premature entry of a judgment on a warrant of attorney without summons. In either case it is the error of the court, for the judgments are rendered by the court in both cases.

It is claimed that the appellants are in a better position to attack the judgment than is the judgment debtor. This may be true, if the judgment is attacked for the fraud of the parties thereto, to the intended injury of other creditors of the debtor. But where, as in the present case, the

attack is made on the ground of mere irregularity, such other creditors are in no better position than the judgment debtor, and neither can avoid the judgment unless the same is shown to be unjust or inequitable. Nothing of the kind is shown here. The cases in this court seem quite conclusive in support of this proposition. *Brown v. Parker*, 28 Wis. 21; *Bonnell v. Gray*, 36 Wis. 574; *McCabe v. Sumner*, 40 Wis. 386; *Pirie v. Hughes*, 43 Wis. 531; *Rogers v. Cherrier*, 75 Wis. 54. There is nothing in *Sloane v. Anderson*, 57 Wis. 123, or *Reid v. Southworth*, 71 Wis. 288, which necessarily conflicts with the above views.

*By the Court.*— The order of the circuit court is affirmed.

