PREGER v. BARNETT.

1. SALES—ACCEPTANCE—FRAUDS, STATUTE OF.
   Where a retail dealer of clothing gave an unsigned order for goods of the value of $500 or upwards, and the buyer afterwards wrote that instead of shipping goods as ordered he wished the sellers to ship a month later, and the sellers wrote that they would ship the goods when ready, dating the bill as of the time referred to in defendant's request, *i. e.*, April 1st, defendant replying that if they did so they would ship at their own risk and expense, and where a drayman having general instructions to receive freight for defendant, delivered the goods at his shop before either date specified in the correspondence, and the goods were destroyed by fire, without fault of the purchaser, and before examination or acceptance, but after he had ordered them placed in his basement for protection, there was no delivery and acceptance sufficient to satisfy the statute of frauds. If it can be said that a completed contract of sale existed the express terms of the agreement left the risk and expense on plaintiffs, the vendors.

2. EVIDENCE—SALES—WAIVER.
   Testimony of defendant, in an action for goods sold and

delivered, that after writing plaintiffs that the shipment would be at plaintiffs' risk, defendant received the shipment but did not intend to accept them by placing the property in the basement of his store, was competent to show that defendant had not waived his objection or protest.

Error to Antrim; Mayne, J. Submitted April 22, 1913. (Docket No. 117.) Decided May 28, 1913.

Assumpsit by Abraham Preger and another against Jacob Barnett for goods sold and delivered. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Cleland & Heald,* for appellants.

*Clayton L. Bailey* and *J. L. Boyd,* for appellee.

OSTRANDER, J. To a declaration containing only the common counts in assumpsit, accompanied or followed by a bill of particulars of plaintiffs' demand, defendant pleaded the general issue with notice that he would insist in his defense that if the goods (men's and youth's clothing) ever came into defendant's possession they were received by defendant as a bailee merely and, while so in his possession, were destroyed by fire. Further notice was given that defendant would insist that, if the goods were ever sold and delivered to defendant, the sale was made with the understanding as to time the goods were to be delivered to defendant, and were shipped to defendant in disregard of the understanding and long prior to the contract time, and, without fault or negligence on the part of defendant, the goods were destroyed by fire and lost to defendant, by reason whereof the said defendant sustained injury and damage to the amount of $600, which damages defendant would recoup. The invoiced value of the goods was $512.50. Defendant later filed a statement of the particulars of his claim

of recoupment and set-off, in which it is stated that he denies that he ever ordered any goods of plaintiffs, but, if he did, and if plaintiffs were authorized to ship them to him, he claims in recoupment that the goods were wholly lost to defendant because shipped at an unauthorized time and against his protest. The case was tried by the court, and the court made findings as follows:

"Plaintiffs are manufacturers and wholesalers of clothing; defendant is a retail dealer. In October, 1907, a traveling salesman representing plaintiffs called upon defendant in Mancelona, Mich., and defendant gave an order for clothing in the sum of $512.50, to be delivered March 1, 1908. This order was not signed by defendant. January 3, 1908, defendant wrote plaintiffs as follows:

" 'Instead of shipping goods ordered of you March 1st, as requested, I wish you would change the date to April 1, and oblige.'

"To this plaintiff replied:

" 'January 6, 1908.
" 'We are in receipt of your favor of the 3d inst., and replying thereto we beg to state that your entire order is now in work, and rather than hold this shipment back we will ship the goods when ready and will date the bill April 1.
" 'Hoping this will be satisfactory, we remain.'

"On or about February 10, 1908, plaintiffs mailed to defendant an invoice of the merchandise, and on the 11th day of February, 1908, shipped the same. February 13, 1908, defendant wrote plaintiffs in reply to their communication of February 10th, inclosing invoice, as follows:

" 'Please be advised that if the goods are actually shipped, they will be at your risk and expense.'

"Mr. G. H. Fitch, of Mancelona, a drayman, was authorized in writing by defendant to receive any freight consigned to him. Without an order or further instruction, and without the knowledge of defendant, Mr. Fitch, on the 15th day of February, 1908, received the goods mentioned in the invoice of February 10th,

and delivered them at defendant's place of business in Mancelona. Later in the day defendant observed these goods where they had been deposited on the platform, and some time after he directed that they be placed in the basement of his store, which was done; but nothing further was done, and no inspection made of the goods. Defendant claims that at the time he observed the goods it was evening, and snowing, and that he ordered the goods placed in the basement to protect the same. On the 21st day of February, 1908, defendant's place of business was destroyed by fire and the goods mentioned were consumed. The fire was without any fault on the part of defendant. The terms of the invoice furnished defendant by plaintiffs are April 1st, 60 days dating. At 5 per cent. the interest from June 1, 1908, to February 1, 1912, is $83.99.

"Law. Defendant's liability depends upon whether in law there was such an acceptance of the goods as would make him responsible for the purchase price. Under the original agreement, defendant was not obligated to receive the goods prior to March 1st. Immediately upon receiving the invoice, which was the first notice he had that the goods had been shipped, he notified plaintiffs that the goods would be at their risk and expense. To constitute an acceptance, something besides mere physical receipt of the goods is sometimes necessary. In shipping the goods prior to the time specified in the original order, plaintiffs assumed the risk of their acceptance by defendant, and were immediately notified that he would not accept the goods. In our opinion, defendant had until March 1st to inspect these goods, and if, on the morning succeeding the fire, the goods not having been destroyed, defendant had inspected them and found them defective in quality and style, and not corresponding to the terms of his order, he would have been at liberty to refuse to accept them. If correct in this assumption, it follows that there was no acceptance, and that defendant is not responsible."

Judgment for defendant followed. It is assigned as error: (1) That the court permitted defendant to answer the question:

"Did you ever receive those goods and take them in there with the intention of receiving them, as and for your own? Answer: No, sir."

(2) That the court erred in finding as matter of law:

(3) "In shipping the goods prior to the time specified in the original order, plaintiffs assumed the risk of their acceptance by defendant, and were immediately notified that he would not accept the goods."

(4) "In our opinion, defendant had until March 1st to inspect these goods, and if, on the morning succeeding the fire, the goods not having been destroyed, defendant had inspected them and found them defective in quality and style, and not corresponding to the terms of his order, defendant would have been at liberty to refuse to accept them, and, if correct in this assumption, it follows that there was no acceptance, and that defendant is not responsible."

The cause was tried August 28, 1911. Judgment was entered May 27, 1912. Thereafter, on August 15, 1912, the court made and filed the findings above set out. Whether requested so to do is not shown. Before the findings were made, at least before they were filed, and on July 10, 1912, plaintiffs had an order staying all proceedings until the first day of the next term, except taxation of costs, "to allow plaintiffs to move for a new trial, settle bill of exceptions, or take such other action as he may deem expedient, upon filing a bond in the penal sum of $200." This was followed by an order, entered July 22, 1912, extending the time for proposing amendments to the findings of fact and for filing exceptions to the conclusions of law to the first day of the next term. Exceptions were filed August 23, 1912, and are those specified in the assignments of error. Assuming that special findings were requested (*Delashman* v. *Berry*, 20 Mich. 292 [4 Am. Rep. 392]), and that the judgment was inadvertently entered and was provisional until findings

were filed (O'Blinskie v. Kent Circuit Judge, 34 Mich. 62), and that the findings are a proper part of the bill of exceptions, the ultimate question would seem to be whether the facts found support the judgment. It is not assigned as error that they do not support the judgment—an assignment which is expressly permitted by Circuit Court Rule 26.

The court was of opinion that the goods were not accepted; therefore the plaintiffs could not recover. For appellants it is argued that title to the goods had passed to defendant, that a custom of the trade warranted the shipment of the goods, that the receipt of the drayman was conclusive evidence of acceptance, and that premature delivery of the goods was waived.

The court did not find any custom of the trade. Under the statute, and the rule referred to, it was the right of the plaintiffs to present to the court the law points which they considered were involved and take the opinion of the court upon them. Inferentially, the court found there was no contract for the sale and delivery of the goods because the order for them was not signed by defendant. Inferentially, the court found that, to make a complete contract, the goods ordered must be delivered and accepted. This is in accord with the rule laid down in Godkin v. Weber, 154 Mich. 207, 214 (114 N. W. 924, 117 N. W. 628, 20 L. R. A. [N. S.] 498). Unless the conduct of defendant in placing the case of goods, unopened, in his store, is, in view of the order he gave and the letter he wrote to plaintiffs on February 13th, conclusive evidence that he accepted the goods, the facts found do not show a completed contract; or, if it can be said that a contract for the sale of the goods existed, it was one which in terms left the goods at the risk and expense of plaintiffs until a certain time which had not arrived. In this connection, we think it was not reversible error to permit the witness to state that it was

not his intention, by what he did, to accept the goods —to waive his protest theretofore sent to plaintiffs.

The facts found support the judgment, and it is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.