## Stockholders First National Bank v. First State Bank's Receiver.

(Decided March 26, 1915.)

### Appeal from Meade Circuit Court.

Receivers—Allowance for Services—Affidavit.—It is error for the circuit court to make an allowance to a' commissioner or a receiver for his services until the affidavit provided for in Section 396, Kentucky Statutes, is filed; but such allowance if made in the absence of the affidavit is not void, but merely erroneous.

GUS BROWN for appellants.

CLAUDE MERCER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is the second appeal of this case; the opinion on the former appeal will be found in 159 Ky., 484.

As recited in that opinion, certain stockholders of the bank, who were then and are now appellants, filed an intervening petition in which they attack certain allowances to the receiver and his attorney; the demurrer to their intervening petition was sustained by the lower court, but at the same time additional allowances to the attorney were made after notice to the stockholders. The court held that as there was no appeal taken from any of the previous orders or judgments of the court making allowances to the receiver or his attorney, they would not be reviewed by this court; but as the order making an additional allowance to the attorney was made after notice to the stockholders, and they had appealed therefrom, the court took cognizance of this allowance and reversed the case, and directed that the same be set aside.

Upon the return of the case the stockholders filed an amendment to their intervening petition, the demurrer was sustained to the same as amended, and it was dismissed; and they now prosecute this appeal, which involves only the allowances to the receiver.

The suit to settle the receivership was filed in January, 1911, and all the orders making allowances to the receiver, which it is now sought to set aside, were made at terms of court previous to the filing of the intervening petition by appellants in October, 1913.

The interplea as amended, as we understand it, is based wholly upon the claim that these allowances to the receiver were void because he filed no affidavit in the action previous to the several allowances as is required by statute.

Section 396, Kentucky Statutes, is as follows:

"No allowance in any case shall be made to a commissioner or receiver until he has filed in court a written statement under oath of the number of days he has acted; and in all cases evidence may be heard for and against an allowance."

Under that statute this court has uniformly held that it was erroneous for the circuit court to make any allowance to a master commissioner or receiver until the affidavit therein required had been filed, but the appeal in this case is prosecuted solely from the judgment of the lower court sustaining the demurrer and dismissing the pleading as amended, and there is no appeal from the orders making these allowances to the receiver.

So that the only question which we are authorized to consider is whether the allegations of the interplea are sufficient to show that these various allowances to the receiver were void because of the failure to file the affidavit provided for in the statute.

That the court erred in making these allowances there can be no doubt, but to hold that the orders are void because of the failure to file the affidavit required is quite another thing.

A judgment is void only when it is beyond the jurisdiction of the court entering it, or not within its power.

The court in this case had jurisdiction of the parties and of the subject matter, and, although the statute provides that no allowance shall be made until the commissioner or receiver has filed a written statement under oath, the judgment was not void, but merely premature. Cyc., Vol. 23, page 677, under the head "Premature Entry of Judgment," says:

"Where the statutes direct that judgment shall not be entered until a certain time after the commencement of the action, or the lapse of a term or terms, a judgment prematurely rendered is radically defective, and liable to be reversed or set aside, although probably not absolutely void, the objection not going to the jurisdiction."

This court has frequently held such allowances without the filing of the affidavit were erroneous, but has

never treated them as void. Co-operative Mfg. Co. v. Rusch, 99 S. W., 677; Garr v. Roy, 20 R., 1697.

The judgments and orders making the allowances to the receiver, therefore, being only erroneous and not void, the demurrer to the interplea, as amended, was properly sustained; and there being no appeal from these orders and judgments they cannot be reviewed.

Judgment affirmed.