WISCONSIN CHAIR CO. *v.* CHARLEVOIX CIRCUIT JUDGE.

1. JUDGMENTS—NOTICE, REQUIREMENT OF.

Notwithstanding a statutory requirement that the clerk of the court give notice to the interested parties or their attorneys of any order or judgment entered in vacation, attorneys are charged with notice of all orders and judgments entered during a term of court in any cause which is in condition for the same.

2. PRACTICE—FINDINGS—AMENDMENTS—TIME.

It is from the entry of the judgment that the period begins to run in which amendments may be proposed to the findings of fact and law of the court, not from the filing of the findings. Circuit Court Rule 26*b*.

3. SAME—FINDINGS—JUDGMENT—ENTRY.

Upon the trial of an issue of fact by the court without a jury, the judgment cannot properly be entered until after the findings have been filed.

4. SAME—TRIAL—MISTAKE IN ENTERING.

The findings are the basis for the judgment: yet, a judgment inadvertently entered before the filing of the findings is not void and may be regarded as in the nature of provisional action which only becomes perfected when the findings are completed.

5. SAME—TIME—VACATING JUDGMENT.

Whether findings of fact and law were filed during the term or in vacation when the parties would be entitled to notice, if the premature entry of judgment tends to deprive any party of his rights, it should, if necessary, be vacated and set aside. Some injury must be shown, however. Such a judgment will not be set aside simply as matter of abstract right.

6. SAME—DELAY.

And where counsel for the relator did not become aware of the entry of judgment in a nonjury trial before the court, until nearly six weeks had elapsed, and some weeks thereafter made application for leave to open the case and proposed amendments to the findings, which were referred to in the motion, but were not therewith filed, and the court requested the attorney to submit the proposed amendments to the court, the motion which in effect was one for an extension of time, was not improperly overruled, counsel declining to submit the proposed findings to the consideration of the trial court, without justification or excuse. Circuit Court Rule 26b.

Mandamus by the Wisconsin Chair Company against Joseph Barton, presiding judge of the county of Charlevoix, to require the respondent to vacate a judgment and afford an opportunity to file proposed amendments to the findings of the court. Submitted October 27, 1915. (Calendar No. 26,512.) Writ denied December 22, 1915. Rehearing denied April 21, 1916.

*Parm C. Gilbert* and *R. W. Kane,* for relator.

*A. L. Fitch* and *John Jones,* for respondent.

PERSON, J. One Charles G. Bush brought an action against the relator in the circuit court for the county of Charlevoix to recover for certain commissions alleged to be due on the sale of lands. The action was tried in July, 1914, beginning on the 7th, and terminating on the 8th. The trial was had before the respondent, who is circuit judge of the twenty-seventh judicial

circuit, but who at the time was holding court in the county aforesaid. Before, or during the progress of, the trial, the attorneys for the defendant, relator here, filed a request in writing for findings of law and fact. A copy of this request was served upon the attorneys for plaintiff, and before the conclusion of the trial was brought to the attention of the circuit judge, who stated that he would comply with the request. He announced, however, that his mind was made up as to the merits of the case, and that he should enter judgment for the plaintiff for $3,139. On the same day the clerk did enter judgment for this amount without waiting for the special findings. The circuit judge states in his return that this judgment was entered inadevertently by the clerk, without request or direction so to do, and this must be taken as a correct explanation, although the language of the court in announcing his view of the case might well have been understood by the clerk as a direction to enter the judgment at once. The respondent, having closed his work in Charlevoix, returned to his home in Big Rapids, and thereafter mailed his findings of law and fact to the clerk of the court, and these were filed on the 20th day of July aforesaid. No notice of the filing of these findings was given to the attorneys for the relator, and no such notice was directed by the circuit judge to be given. That such special findings had been filed was not discovered by the attorneys for relator until the 20th day of the following August; and thereafter, on the 8th day of September, they filed a motion, which was heard by respondent on the 25th day of that month, asking that the judgment be vacated, and that relator have 20 days in which to propose amendments to the findings of fact and law, and to file exceptions. This motion was denied by respondent, and, as stated by him in his return to this court, for the following reasons:

"The motion was not accompanied by the proposed amendments and exceptions, although the request as set forth in the motion referred to them as 'therein made,' and counsel did not present for my consideration the amendments and exceptions proposed. The hearing of the motion was held at Charlevoix in the forenoon of September 25, 1914, Mr. R. W. Kane appearing for the motion. Mr. Gilbert was not present and did not appear at this hearing. On my own motion, after calling the attention of counsel to the absence of the proposed amendments and exceptions, I held the hearing open until the afternoon to enable counsel to prepare and present the proposed amendments, stating that I would give counsel all the time reasonably required to properly present the matter so that a proper disposition could be made of all the questions raised. At the afternoon session counsel appeared, but offered no proposed amendments or exceptions, renewing the request for the time asked in the motion. In view of the length of time that had elapsed and the opportunity afforded counsel to prepare and present such amendments and exceptions as they desired, I declined to grant the leave asked. No claim was made by counsel for the motion that the findings were not sufficiently full and definite on the facts and law, nor did counsel point out or indicate wherein or in what respect the findings were erroneous, insufficient, or indefinite."

On the 12th day of October counsel for the relator brought on a second motion before respondent that the preceding motion be vacated and set aside. No new or further showing was made as the basis for this last motion, nor did counsel then tender any proposed amendments or exceptions. The motion was denied by the circuit judge. Thereupon relator makes this application for a mandamus to compel the respondent to vacate his order last mentioned, and to grant the motion of September 8th, that the judgment be set aside and relator given permission to propose amendments and exceptions to the findings of law and fact.

We believe it is the practice of many circuit judges

to have the clerk notify counsel of the filing of findings of law and fact, and of other determinations by the court, and we think this very commendable, but we know of no rule or authoritative requirement that it be done, except as hereinafter stated.

Counsel are supposed to take notice of all orders and judgments entered during term. There is, however, a statutory provision that the clerk shall give notice to the parties or their attorneys of any judgment entered in vacation, in such manner as the circuit court shall, by general or special order, direct. Section 10265, 3 Comp. Laws; 4 How. Stat. (2d Ed.) § 11847. And it is from the entry of the judgment that the period begins to run in which amendments may be proposed to the findings of fact and law, and not from the filing of such findings. Circuit Court Rule No. 26 (b).

And upon the trial of an issue of fact by the court without a jury, the judgment cannot properly be entered until after the findings of fact and law shall have been filed. *Stansell* v. *Corning*, 21 Mich. 242; *Ells* v. *Rector*, 32 Mich. 379. The findings are the basis for the judgment; yet a judgment inadvertently entered before the filing of the findings is not void, and may "be regarded as in the nature of provisional action, which only becomes perfected when the findings are completed." *O'Blinskie* v. *Circuit Judge*, 34 Mich. 62; *Preger* v. *Barnett*, 175 Mich. 494 (141 N. W. 587). And the time for proposing amendments to the findings should date from the day when the judgment properly could have been taken. *O'Blinksie* v. *Circuit Judge, supra.* We are not informed by this record whether the findings of fact and law were filed during term, or were filed during vacation when the parties would be entitled by the statute to notice of the judgment, but in either case, if the premature entry of the judgment tends to deprive any party of his rights, it should, if necessary, be vacated and set aside.

Some injury, however, must be shown; for such a judgment will not be set aside simply as a matter of abstract right.

But we cannot see, on this record, where any right of the relator has been impaired by the premature judgment. The only injury claimed by him is that the ten days allowed him by rule for the filing of amendments, and the subsequent four days for taking exceptions, had passed before he learned that the findings of the court had been filed. But by the terms of Circuit Court Rule No. 26 amendments to the findings follow the entry of judgment, and do not precede it; and the court has the power to make any reasonable extension of the time for filing them that may be necessary. When the relator made his motion of September 8th, which was really a motion for further time in which to propose amendments and take exceptions, the court did not peremptorily overrule the motion, but requested relator to submit the amendments which he wished made to the inspection of the court. This the court had a perfect right to do, not only for the dispatch of business, but also to be assured that the proposed amendments were such as should be considered, and not immaterial or frivolous. *School District No. 4 of Easton* v. *Snell*, 24 Mich. 350; *Slocomb* v. *Thatcher*, 20 Mich. 52; *Wiley* v. *Lovely*, 46 Mich. 83 (8 N. W. 716). In fact, the court held the motion open for a time to permit counsel to formulate such amendments and exceptions as he might desire to offer, although there had elapsed some three weeks in which to do this after the discovery that findings had been filed. And when counsel declined to accede to this very proper request of the court, or to render any excuse for not doing so, we think the court was justified in overruling his motion. Even when the order overruling this motion was subsequently sought to be set aside, no proposed amendments or ex-

ceptions were offered for the consideration of the court. We do not think that relator has been wrongfully deprived of his right to propose amendments and exceptions, and the writ of mandamus must be denied. The writ is denied.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.