THE STATE OF NEVADA, Ex Rel. SUE A. HAZELL NEWITT, Petitioner, v. THE FOURTH JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Elko, and HONORABLE JAMES DYSART, Presiding Judge Thereof, Respondents.

No. 3355

January 26, 1942.                         121 P.(2d) 442.

*Milton B. Badt* and *Orville R. Wilson,* both of Elko, for Petitioner.

*H. U. Castle,* of Elko, for Respondents.

## OPINION

By the Court, ORR, J.:

Relator instituted an action in the respondent court on January 23, 1941, wherein Sue A. Hazell Newitt was plaintiff and Clarence E. Dawe, as executor of the last will and testament of William J. Dawe, deceased, was defendant. Thereafter certain proceedings were had and filings made, until said action reached the point where the plaintiff had filed an amended complaint and the defendant in said action had filed an answer thereto; plaintiff had filed a motion to strike portions of the answer, also a demurrer. Both plaintiff and defendant had filed motions for judgment on the pleadings. While plaintiff's motion to strike and demurrer to the answer were still pending and undisposed of, and before plaintiff's time to reply to the answer had commenced to run, defendant presented his motion for judgment on the pleadings. At the time of the presentation of said motion, plaintiff objected to its consideration, on the ground that said motion to strike and said demurrer to the answer remained undisposed of. The

court overruled the objection and proceeded to hear defendant's motion for judgment on the pleadings, and thereafter granted the motion and entered a judgment. Subsequent to the entry of the judgment, the plaintiff moved the court to set for hearing the motion to strike and demurrer to the answer, and also asked that a time be fixed for plaintiff to reply to said answer. This motion was also denied.

The reason given by respondent court for proceeding to hear defendant's motion for judgment on the pleadings without first determining the motion to strike portions of the answer and the demurrer thereto was that plaintiff was estopped to object to the hearing of the motion for judgment on the pleadings, because of laches in bringing said motion to strike and demurrer to the attention of the court. Respondent court declined to fix a time for plaintiff to reply to the answer, because the granting of such a motion would require the setting aside of the judgment theretofore entered.

Relator asks this court for a writ of mandate compelling the respondent court to set for hearing the said motion to strike certain portions of the answer and the said demurrer to the answer, and, in the event the demurrer is overruled, to grant time to the relator to file a reply to the said answer. The petition does not ask that the judgment entered by the respondent court be set aside. Relator takes the position that the said judgment should be completely ignored because it is void, having been inadvertently and mistakenly entered by respondent court. We entertain a contrary view. The judgment must first be disposed of; we cannot by-pass it and act upon the demurrer to the answer, the motion to strike and the awarding of time in which to reply. If we could agree with relator that the said judgment is void, then, of course, the question of determining whether or not the respondent court should be required to set for hearing the motion and demurrer and to provide time in which to file a reply would be

within the province of the petition for a writ of mandate, and we could proceed directly to a consideration thereof.

■■ We are convinced that the circumstances under which the judgment on the pleadings was entered in this case makes said judgment voidable, and not void. The entry of the judgment, with the motion to strike and the demurrer pending, was, at most, premature and inadvertent. The court had jurisdiction of the parties and of the subject matter, and "the mere premature entry of a judgment is not a jurisdictional defect, and therefore does not avoid the judgment, but at most makes it irregular and voidable." 34 C. J. p. 63, note 50.

In Chehalis Coal Co. v. Laisure, 97 Wash. 422, 166 P. 1158, at page 1160, in speaking of the premature entry of judgment, it is said: "If * * * through inadvertence or mistake, it thereafter entered a judgment prematurely or while a motion was pending undisposed of and without notice, the judgment was irregularly entered. It was voidable, not void."

See, also, Stockholders First National Bank v. First State Bank's Receiver, 163 Ky. 790, 174 S. W. 473; Wisconsin Chair Co. v. Barton, 189 Mich. 548, 155 N. W. 405; ·Marshall & Ilsley Bank v. Hyman et al., 84 Wis. 23, 53 N. W. 1126; Wheeler v. Russell, 93 Wis. 135, 67 N. W. 43.

■ The judgment being valid and subsisting until set aside by appropriate action by the court, we cannot ignore it and compel some action behind it.

■■ Further, if it be contended that the petition herein is sufficiently broad to enable us to consider the validity of the judgment, we must decline to do so, because mandamus is not the proper remedy to employ in this case. Other adequate remedies exist.

Mandamus will not lie to compel the vacation of a judgment where another adequate remedy is available, such as by motion to set it aside. 38 C. J. p. 636, sec. 142, notes 81, 82, 83 and 84.

. Here relator has two adequate remedies: a direct appeal from the judgment, or a motion to set the judgment aside. State ex rel. Grogan et al. v. District Court of the Ninth Judicial District, in and for the County of Gallatin, 44 Mont. 72, 119 P. 174, at page 175.

. Relator is fully aware of the remedies herein mentioned, but does not consider them either adequate or expedient, feeling that a direct appeal from the judgment or from an order denying a motion to vacate, in the event such appeals were successful, would leave relator in much the same situation she now finds herself. We are unable to understand why, in the event the judgment was set aside because of premature entry, directions to correct errors in procedure, if found to exist, could not be made.

Petition denied.