MYRON F. HEILIG, PETITIONER, v. HONORABLE CARL J. CHRISTENSEN, CHIEF JUDGE, EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; ROBERT WEISS; AND JACK SHULMAN, RESPONDENTS.

No. 7665

February 26, 1975                    532 P.2d 267

[Rehearing denied June 18, 1975]

*Eric Zubel,* of Las Vegas, for Petitioner.

*Lionel Sawyer Collins & Wartman, Steve Morris, Victor W. Priebe,* and *Robert D. Faiss,* for Respondent Weiss.

*Wiener, Goldwater & Galatz,* and *J. Charles Thompson,* for Respondent Shulman.

## OPINION

*Per Curiam:*

Petitioner Myron F. Heilig seeks in these original proceedings the issuance of a writ of mandamus and a writ of prohibition or in the alternative a writ of certiorari to relieve him from complying with the order of the court below that confirmed an arbitrator's award dissolving and settling a certain partnership between Heilig and his partners, Respondents Weiss and Shulman.

1. In 1966, Heilig, Weiss, and Shulman entered into a partnership agreement for the purchase and operation of 113 apartment buildings in Las Vegas. They each signed, as part of the purchase contract, promissory notes secured by deeds of trust covering the property. In 1970, they leased the property to the Kogelschatz Korp. Kogelschatz later defaulted in their rental payments and abandoned the property. Weiss, with the approval of Heilig and Shulman, assumed the management of the apartments. He advanced substantial sums of his own money so that the partnership could remain solvent and continue in business. In December 1971, Weiss filed an action in the court below against Heilig and Shulman, seeking reimbursement for their pro rata shares of the moneys he had advanced to the partnership. Heilig asked the court to refer the matter

to an arbitrator, as provided in the partnership agreement. The court did so. The partners submitted all issues in dispute to the arbitrator, including the dissolution of the partnership and the settling of its affairs. As the arbitration moved to a close, the three parties entered into a stipulation which provided for a final accounting and a division of the partnership property. The stipulation also provided that each of the partners would execute and deliver to the arbitrator a power of attorney which would enable the arbitrator to effect the settlement of the partners' affairs and divide the partnership property.

The arbitrator entered his award on December 28, 1972, which was modified pursuant to Weiss's request on February 8, 1973. The final award divided the partnership property and ordered Heilig and Shulman to reimburse Weiss for their pro rata shares of the moneys previously advanced by Weiss to the partnership. The award also set forth the formula for settling the partners' accounts, and fixed February 22, 1973, as the time for terminating the partnership. Prior to February 22, 1973, Petitioner Heilig attempted to "revoke" his assent to the stipulation he had signed, giving the arbitrator the power to act in his behalf at the February 22 closing of the partnership, and he refused to attend the closing or participate in it in any manner.

Following the closing, the arbitrator prepared and sent to Heilig a statement of the accounting rendered in his absence at the closing. The arbitrator offered Heilig an opportunity to object to the accounting, if he chose to do so. Heilig failed to respond, and on May 7, 1973, the arbitrator prepared and delivered to the parties his Final Award and Closing Statement. The district court, after a full hearing on Weiss's motion to confirm the arbitrator's award, did so on January 28, 1974. Heilig then filed numerous motions contesting the lower court's Order Confirming Arbitrator's Award, as well as the judgment entered against him. The district court denied Heilig's motions, although the court stayed execution of the judgment to enable Heilig to pursue this petition for extraordinary relief.

2.   Petitioner Heilig has now applied to this court for "Issuance of an Alternative Writ of Mandate and Writ of Prohibition or in the Alternative, for a Writ of Certiorari." The thrust of Heilig's argument is that the order of the court below confirming the award does not reflect the award of the arbitrator or in any event the arbitrator's award does not resolve the issues to Heilig's satisfaction.

The order of a district court confirming the award of an

arbitrator may be reviewed by this court upon direct appeal under the express provisions of NRS 38.205, subsection 1(c).[1] Prior to 1969, certain orders of a district court concerning arbitration awards could be reviewed in this court by certiorari, although court orders affirming an award were appealable as final judgments. Plumbing Local 525 v. Eighth Judicial Dist. Court, 82 Nev. 103, 412 P.2d 352 (1966). In 1969, our Legislature adopted NRS 38.205, and since then an order confirming an award such as the one in the instant proceedings is reviewable only on direct appeal. Certiorari will not lie in the instant case.

Mandamus and prohibition are equally inappropriate remedies to review the award of an arbitrator. Neither can issue if the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.170[2] and NRS 34.330.[3] Mandamus will not lie where another remedy is available. See State ex rel. Newitt v. Fourth Judicial Dist. Court, 61 Nev. 164, 121 P.2d 442 (1942). The principle upon which the law of prohibition is predicated is that its attack on jurisdiction is confined to those cases where no other remedy, such as direct appeal, exists. Bowler v. First Judicial Dist. Court, 68 Nev. 445, 454, 234 P.2d 593, 598 (1951).

It is clear, therefore, that mandamus, prohibition, and certiorari are inappropriate remedies to review the order of the district court which confirmed the award of the arbitrator in the instant case. Heilig's petition is denied, and this court's order of March 28, 1974, staying proceedings in the district court, is vacated.

---

[1]NRS 38.205, subsection 1(c):
"1. An appeal may be taken from:
". . .
"(c) An order confirming or denying confirmation of an award;
". . ."
[2]NRS 34.170:
"This writ [mandamus] shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It shall be issued upon affidavit, on the application of the party beneficially interested."
[3]NRS 34.330:
"The writ [prohibition] may be issued only by the supreme court to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit, on the application of the person beneficially interested."