PIETRO DIOTALLEVI, Petitioner, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA and HONORABLE JOHN W. BARRETT, Judge Thereof, Respondents.

No. 9672

December 21, 1977                    572 P.2d 214

*Swanson, Swanson & Capurro,* Reno, for Petitioner.

*Thornton, Stephens, Atkins & Kellison,* Reno; and *Sinai, Ohlson & Schroeder,* Reno, for Respondents.

**OPINION**

*Per Curiam:*

Pietro Diotallevi seeks a writ of prohibition to prevent the district court from confirming a lease-purchase agreement of real property held in a testamentary trust.

1. The First National Bank of Nevada (hereafter Bank) and Rae Zetoony Kahan, as cotrustees of a testamentary trust established by the will of Abe Zetoony, petitioned the district court for authority to sell or enter into a long-term lease for certain real property known as the Zetoony Building, a major asset of the trust.

The court entered an order predicated on the petition, authorizing the trustees to commence negotiation for the sale of the property, or its long-term lease, "any sale or lease of said property [to] be reported to the Court for approval and confirmation." The trustees accordingly invited the public to submit sealed bids for the property.

When the sealed bids were opened, petitioner's high bid of $51,000 annual rental, with provision for purchase of the property one year after termination of the trust, was accepted by the trustees. A formal lease was drawn and signed by petitioner, and the cotrustees petitioned the court for confirmation of the lease-purchase agreement. Sierra Development Company, doing business as Club Cal Neva (hereafter Cal Neva) objected to confirmation of petitioner's offer and submitted a bid of $72,000 annual rental with the same terms offered by petitioners.[1] At the hearing, the court ordered confirmation of the bid of Cal Neva, subject, however, to the receipt of any higher bid made at a hearing for that purpose to be conducted

---

[1]Officers of Cal Neva represented that in a meeting with Bank officials they were led to believe that additional bids would be considered at the confirmation hearings. The Bank officials denied making any such statements.

on a fixed date after appropriate public notice and announcement thereof.

Petitioner then filed this petition for a writ of prohibition, contesting the jurisdiction of the court to confirm Cal Neva's bid and seeking to prevent the hearing to receive a higher bid or to conduct any further proceedings in the case.

2. A writ of prohibition may be issued by this court only in cases "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330. The general rule is that if an order or judgment is appealable, a writ of prohibition will not lie to prevent its enforcement. Heilig v. Christensen, 91 Nev. 120, 532 P.2d 267 (1975), *cert. denied,* 423 U.S. 1055 (1976). The order which petitioner contends the court below should be prevented from carrying out is appealable by virtue of NRS 155.190, subsections 6 and 13.[2] Under those provisions, petitioner could have appealed the confirmation of the lease-sale to Cal Neva and the refusal of the court to confirm the lease-sale to him.

Petitioner contends that in this case an exception should be made to the general rule, because appeal would not be a plain, speedy, and adequate remedy. However, the cases cited by petitioner in support of his position are not analogous to this case.

Two of the cases cited by petitioner, Providence Baptist Church v. Superior Court, 251 P.2d 10 (Cal. 1952), and Oldroyd v. McCrea, 235 P. 580 (Utah 1925), dealt with orders which were not appealable until final judgment. The courts held that petitioners were not required to undergo protracted litigation before courts which were clearly without jurisdiction, when petitioners had shown the strong likelihood of prejudice to their underlying rights during the course of the trial. Similarly, the court in Berg v. Superior Court, 5 Cal. Rptr. 324 (Cal.App. 1960), issued a writ of prohibition to

---

[2]NRS 155.190, subsections 6 and 13:

In addition to any order or decree from which an appeal is expressly permitted by this Title, an appeal may be taken to the supreme court from an order or decree:

. . . .

6.   Directing or authorizing the sale or conveyance or confirming the sale of property.

. . . .

13.   Refusing to make any order heretofore mentioned in this section or any decision wherein the amount in controversy equals or exceeds, exclusive of costs, $1,000.

prevent hearings on a petition for a writ of execution based upon a clearly invalid prior judgment, which had attempted to bind parties not before the court. The court found that no purpose would be served by obligating petitioner to incur the expense and delay of hearings before a court which was without jurisdiction to issue a valid order against him.

Unlike the petitioners in the cases cited above, petitioner here cannot claim that his rights in the property would be further prejudiced by the action of the court, which he seeks to prevent. The court has already confirmed the lease-sale of the property to Cal Neva, subject to the receipt of additional bids. Whether petitioner or another were to outbid Cal Neva at the hearing, petitioner's position would be no worse than it was at the point when the court below refused to confirm the lease-sale to him.

A writ of prohibition "is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts and circumstances of each particular case." Walcott v. Wells, 21 Nev. 47, 51, 24 P. 367, 368 (1890). The circumstances of this case do not indicate that petitioner is entitled to the extraordinary remedy of a writ of prohibition, in light of the availability of the remedy of appeal from the order of the court.

The petition for the writ is denied.[3]

---

[3]The Governor designated Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in place of Hon. Gordon Thompson, Justice, who was disabled. Nev. Const. art. 6, § 4.