NASH *v.* ROBINSON.

1. DRAINS—DEFICIENCY IN DRAIN FUND CAUSED BY WRONG DOING —REASSESSMENT—STATUTES.

   1 Comp. Laws 1915, § 4913, providing that whenever the amount assessed for the construction of any drain shall not be sufficient, a further assessment shall be apportioned, assessed, levied, and collected as provided in the first instance, *held,* not applicable where the deficit in a tri-county drain fund was caused by a conspiracy between the drain commissioner of one of the counties and a contractor.

2. SAME—STATUTES—RETROACTIVE EFFECT.

   Act No. 6, Pub. Acts 1923, providing that in case of any

deficiency in a drain fund caused by embezzlement or other wrongful act, the board of supervisors may provide for payment out of the general fund of the county, *held,* applicable to a case where the defalcation occurred before the act took effect, since it is remedial in its nature, and the general reading of it permits its application to existing cases, and it in no wise interferes with contract rights or disturbs vested interests.

Certiorari to Cass; Des Voignes (L. Burget), J. Submitted January 8, 1924. (Calendar No. 31,093.) Decided March 5, 1924.

Mandamus by Joel J. Nash, drain commissioner of Cass county, to compel Alfred D. Robinson, drain commissioner of Van Buren county, to make a re-assessment for the expenses of a drain. From an order granting the writ, defendant brings certiorari. Reversed.

*James E. Chandler,* for appellant.

*Asa K. Hayden,* for appellee.

BIRD, J. This is a proceeding instituted by plaintiff to compel defendant to make a re-assessment on lands in Berrien county, to cover its share of a deficiency in the fund of a tri-county drain. The drain traverses the counties of Cass, Van Buren and Berrien. The estimated cost of the drain was $172,800. Contracts were let and the drain was partially constructed. Later the work had to be abandoned because a large amount of the drain funds was misappropriated as the result of a conspiracy between the drain commissioner of Cass county and a contractor. To meet this deficiency in the drain funds the commissioner of Cass county requested the defendant, as commissioner of Van Buren county, to join in making a re-assessment, under 1 Comp. Laws 1915, § 4913. Defendant re-

fused to comply and this application for a mandamus in the circuit court was filed to compel him to do so. After a hearing the trial court ordered the writ to issue. The position of defendant, both in the lower court and here, is that this section of the statute is not applicable to the situation as it exists in those counties.

The statute referred to reads:

"Whenever the amount assessed for the construction of any drain shall not be sufficient to complete the same, and to pay all the costs and incidental expenses, a further assessment shall be made to meet the deficit or additional expense. Such further assessment shall be apportioned, assessed, levied and collected as provided in the first instance, and on the same percentage, and shall be collected in one year, but there shall be no review of, nor appeal from such further assessment." 1 Comp. Laws 1915, § 4913.

A reasonable construction of this statute is that when there has been an error of judgment in estimating the cost of a drain it might be remedied by a reassessment. That situation did not occur in the present case. It is conceded that there was no error made in the estimated cost, and it is also conceded that had there been no misappropriation of the funds they would have been ample to defray the cost of the drain. The language of the section does not indicate that the legislature intended to cover other contingencies. In estimating the cost of construction of drains there are so many unknown and uncertain elements to be considered that commissioners often err and make their estimate too low. It was to remedy these errors that the foregoing section was passed. Another reason which leads us to this conclusion is that the legislature itself has recently placed a construction on this section, by adding thereto a proviso which covers the present situation. That proviso reads:

"*Provided,* That whenever by reason of the embezzlement or other wrongful act of any county official or by reason of the conspiracy of any county official with any other person or persons, to defraud any drainage district, township or county, there shall be any deficiency, as aforesaid, the board of supervisors of any county traversed by the drain may provide for the payment, out of the general fund of the county, of all or any part of such additional assessment as may be apportioned to that part of the drainage district within such county " * * * Act No. 6, Pub. Acts 1923.

Had the legislature thought that section 4913 covered cases where there was a deficiency in drain funds due to wrong doing, it is not probable that it would have added this proviso. The trial court was in serious doubt whether the section applied, but the necessities of the situation were so pressing that it resolved the doubt in favor of plaintiff. We are of the opinion that the section will not support the construction given it by the trial court.

The amendment to the section was not in force when the defalcation occurred, nor was it in force when this proceeding was begun. The exigencies of the situation are such, however, that we think we should indicate our view upon the question whether the amendment is retroactive. Courts, as a rule, are loth to give retroactive effect to statutes, and this is especially so when, by so doing, it would disturb contractual or vested rights. There are, however, exceptions to the rule, and one of them is in relation to remedial legislation.

"The presumption against the retrospective construction of statutes is founded on the principle that they should not be given such a construction as will make them unconstitutional or unjust, and therefore, as a general rule, does not apply to statutes that relate merely to remedies and modes of procedure. * * *
"But a statute in regard to remedies and procedure will be construed to apply to pending proceedings

whenever the language used clearly indicates that such construction was intended by the legislature; and whenever the act is purely remedial in character, so that its application to pending proceedings will not work hardship or injustice, but, on the other hand, will the better protect and secure the rights of parties." 36 Cyc. pp. 1213, 1216.

"A statute which furnishes a new remedy, but does not impair or affect any contractual obligations, nor disturb any vested rights, is naturally applicable to proceedings begun after its passage, though relating to acts done previously thereto." 25 R. C. L. p. 792, and cases cited.

While there is no express language in the amendment indicating that it was intended to be retroactive, the general reading of it permits of its application to existing depleted drain funds when occasioned by fraud and conspiracy. The amendment is remedial legislation. The amendment in no wise interferes with contract rights, nor does it disturb vested interests. It leaves it a discretionary matter with the board of supervisors of the proper county to supply the loss from the general fund of the county if it sees fit. Under these circumstances we think the amendment should be construed to be retroactive and apply to depleted drain funds when caused as aforesaid.

The order of the trial court will be reversed and the petition dismissed, without costs to either party.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.