## EX REL. HATCH v. COURT

### No. 2748

July 5, 1927.                                   257 P. 831.

### IN PROHIBITION

1. PARTNERSHIP—RECEIVERSHIP, LAW OF.

Law of receivership applicable to corporations will not control proceeding wherein it is sought to procure the appointment of receiver for a partnership.

2. PARTNERSHIP—RECEIVERSHIP, SUMMONS, NONRESIDENT.

In suit for dissolution of partnership, accounting, and for the appointment of a receiver, service of summons *held* not a prerequisite to the appointment of a receiver, where the defendant partner was a nonresident, and property of defendant was within jurisdiction of the court.

3. PARTNERSHIP—RECEIVERSHIP, SUMMONS, NONRESIDENT.

In suit for the dissolution of a partnership, for accounting, and for a receiver, court could order service of summons by publication, where defendant partner was a nonresident, and his property was within court's jurisdiction.

4. PARTNERSHIP—RECEIVERSHIP, PROPERTY.

Money *held* not in custodia legis, where it had been seized by the sheriff under an attachment, and the action had been thereafter dismissed, and hence court properly ordered sheriff to deliver over money to receiver appointed for nonresident defendant.

5. PARTNERSHIP—RECEIVERSHIP—ORDER EQUIVALENT TO SEIZURE.

In suit for dissolution of a partnership, accounting, and a receiver for nonresident defendant, an order appointing a receiver and directing the sheriff to deliver money in his hands to the receiver, who immediately qualified on his appointment, *held* equivalent to an actual seizure of the money for the purpose of securing jurisdiction to publish the summons.

6. PARTNERSHIP—SUMMONS, PUBLICATION.

That the order of publication of the summons was made the day before the money on which jurisdiction was based actually came into the hands of the receiver appointed for nonresident defendant *held* not to render the order void, where the court had previously directed the sheriff to turn the money over to the receiver.

7. RECEIVERS—RECEIVER'S TITLE.

The law deems the title and right of possession of a receiver to relate back to the time of his appointment.

8. PARTNERSHIP—DISSOLUTION, PLEADINGS.

In suit in equity for the dissolution of a partnership and accounting, an allegation of the insolvency of the defendant partner is unnecessary for appointment of receiver.

9. PROHIBITION—DISCRETION OF COURT.

The writ of prohibition issues only in the sound judicial discretion of the court for the furtherance of justice.

10. Prohibition—Partnership, Dissolution Of.

Issuance of writ of prohibition *held* not required in suit for the dissolution of a partnership, for an accounting, and for a receiver, where court had jurisdiction.

### C. J.–CYC. REFERENCES

Courts—15 C. J. sec. 100, p. 801, n. 92.
Judgments—34 C. J. sec. 1661, p. 1172, n. 99, 1.
Partnerships—30 Cyc. p. 729, n. 20 (new) ; p. 730, n. 21.
Prohibition—32 Cyc. p. 600, n. 5; p. 610, n. 82.
Receivers—34 Cyc. p. 202, n. 21.

Original proceeding in prohibition by the state, on the relation of Clyde Hatch, against the Ninth Judicial District Court and Hon. C. J. McFadden, as Judge thereof. **Application denied, and proceedings dismissed, with leave to proceed after allowing petitioner time to move or plead as advised.**

*G. F. Boreman,* for Relator :

Order appointing receiver was in excess of jurisdiction, void abinitio and invalid upon its face because court had acquired no jurisdiction of defendant; he was not before court; no summons had been served, nor notice of application for receiver. Hettel v. Court, 30 Nev. 382; Golden v. Court, 31 Nev. 250; High, Receivers, secs. 111, 112.

There was no showing of fraud or irreparable injury, or that relator had absconded, or was insolvent, or that he did not have property within jurisdiction. Mere fact that relator was nonresident was insufficient. High, sec. 117.

The $834 in question was seized by sheriff as property of relator under attachment and so held when action terminated in dismissal. Attachment immediately became functus officio and sheriff was charged with duty to return property. Rev. Laws, 5162.

Where personal property is in possession of third person, not party to receivership, under claim of title, court should not order its receiver to take possession; separate suit should be instituted. Enforcement of such order is restrained by prohibition. High, sec. 145; Stuparich v. Court, 123 Cal. 290.

Court had no jurisdiction to make order for service of summons by publication. To uphold validity of order, respondents must proceed on theory that second action was quasi in rem to subject certain res ($834) to process of court, since no personal judgment could be rendered, there having been no personal service upon Hatch. There is distinction between proceedings strictly in rem and quasi in rem. Lee v. Silva, 197 Cal. 364; Brownhardt v. Brown, 24 SE. 527; 36 L. R. A. 402. In proceedings strictly in rem mere bringing of suit gives court dominion. Proceedings quasi in rem arise where from nature of action, or character of property, or both, court can acquire jurisdiction to order substituted service only by physical dominion through actual seizure. Proceedings for service of summons by publication on nonresident before attaching his property are null and void. Breon v. Miller, 65 SE. 214; 24 L. R. A. (N. S.) 276; Havemeyer v. Court, 84 Cal. 327.

Right of appeal does not foreclose relief by prohibition against unlawful receiverships. Issuance of writ is discretionary. Havemeyer Case, supra; State v. Court, 111 Am. St. Rep. 962; S. L. R. R. v. Wear, 33 L. R. A. 341.

Relator has no plain, speedy, and adequate remedy at law and need not first make application to lower court for relief before asking for writ. Chaplin v. Court, 253 P. 954; Grinbaum v. Court, 192 Cal. 556.

*V. H. Vargas,* for Respondent:

Prohibition will not issue to restrain inferior tribunal where there is plain, speedy, and adequate remedy at law. Rev. Laws, 5709; Jacobs v. Court, 65 P. 826.

Court had undoubted jurisdiction of subject matter. Whether it had jurisdiction of relator was question within its determination. If it erred remedy was by appeal. Mines v. Court, 27 P. 532; Agassiz v. Court, 27 P. 49.

Demurrer should be sustained as application for writ does not show petitioner applied to inferior court for relief. Walcott v. Walls, 21 Nev. 50; Hammon v. Court, 240 Fed. 924.

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in prohibition. The petition alleges that on August 23, 1924, an action at law was insituted by Mike Basta, as plaintiff, against Clyde Hatch, as defendant, in the Ninth judicial district court of Nevada in and for White Pine County, wherein it was alleged by the said Basta that a partnership had been formed between said parties for the carrying on of a certain line of business; that an accounting had been had between the said parties as copartners, whereby it was found that the said Hatch was indebted to the said Basta in the sum of $2,881.42. Judgment was demanded in said sum. Attachment proceedings were had in said action, in which the sum of $834, which was on deposit in the name of Hatch in the First National Bank of Ely, Nevada, was levied upon, and thereafter paid over to the sheriff, the attaching officer. Hatch, who was at the time of the suit, and ever since has been, a resident of the State of California, appeared in said action, and pursuant to proceedings had therein, the court, on the 10th day of June, 1926, entered an order dismissing said action at law. Simultaneously with the entry of said order of dismissal in said law action Basta instituted in said court an action in equity against said Hatch wherein it was alleged that in October, 1922, the said parties entered into a copartnership agreement, pursuant to which business was carried on for some time, and that the defendant Hatch, in violation of the partnership agreement, had converted certain of the partnership assets into cash, which, it is alleged, are the $834 mentioned as having been deposited in bank. There is a prayer for an accounting, the appointment of a receiver, and the dissolution of the partnership.

Upon the filing of the complaint in the equity suit the court made an order appointing a receiver with general powers, and ordered that he take charge of all property of the copartnership, particularly specifying the $834

which came into the hands of the sheriff in the action at law, and also ordered the sheriff to turn the same over to such receiver. The orders were made on the day the suit was filed, and without notice to Hatch. The receiver qualified immediately upon being appointed, and forthwith demanded the money of the sheriff. On the following day, June 11, 1926, the court made an order directing the service of the summons by publication. Thereafter, and on June 12, the sheriff paid the money over to the receiver who had given the bond and taken the oath of office.

The matter has been submitted on the general demurrer to the petition and the briefs of counsel.

The petitioner makes two contentions in support of his right to the writ: First, that the court had no jurisdiction to make the order appointing a receiver; and, second, that it had no jurisdiction to make the order for service of summons by publication.

**1-3.** The first contention is based upon the fact that there had been no service of summons or notice to the petitioner of the application for the appointment of a receiver, in support of which our attention is directed to the case of Hettel v. District Court, 30 Nev. 382, 96 P. 1062, 133 Am. St. Rep. 731, and Golden v. District Court, 31 Nev. 250, 101 P. 1021. Those were cases in which it was sought to appoint a receiver for a corporation pursuant to a special statute, and hence cannot control in this case. As was pointed out in the very recent case of Sugarman Iron & Metal Co. et al. v. Morse Bros. M. & S. Co., 50 Nev. 191, 255 P. 1010, the law of receivership applicable to corporations cannot control in a proceeding wherein it is sought to procure the appointment of a receiver for a copartnership, as in the instant matter. We think the case of Maynard v. Railey, 2 Nev. 313, is decisive of the question under consideration. In the case mentioned the identical point was made as that now relied upon. It was therein said that the very reason why a court of equity interposes in cases of this character is to prevent the mischief which might result from the tardy remedy of the courts of law. This statement fits

the instant case.    Had the court not appointed the receiver, it is likely that the defendant therein, who is a nonresident, would have removed the money from the jurisdiction of the court.    The contention is utterly without merit.

The contention that the court had no jurisdiction to make the order for the publication of the summons is equally devoid of merit.

4.   The plaintiff in the receivership matter claims that the money in question is partnership assets.    While the petition nowhere specifically avers that the money in question is the individual property of Hatch, such is the theory of the petitioner, and, upon the authority of Stuparich v. Superior Court, 123 Cal. 290, 55 P. 985, it is contended that it was improper for the court to order the sheriff to deliver over the money to the receiver.    We do not think the case mentioned is in point.    The money was not in custodia legis (Ranft v. Young, 21 Nev. 401, 32 P. 490) ; the sheriff had no claim to it; and he actually delivered it over.

This money is subject matter within the jurisdiction of the court, and in the circumstances, we think, for the purposes of this matter, we are justified in assuming that it is a portion of the assets of the partnership.

5.   "Jurisdiction of the res is obtained by a seizure under process of the court, whereby it is held to abide such order as the court may make concerning it.   *   *   * So, also, while the general rule in regard to jurisdiction in rem requires the actual seizure and possession of the res by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import, and which stand for and represent the dominion of the court over the thing, and in effect subject it to the control of the court."    Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931.

In 15 R. C. L. p. 632, it is stated that, while seizure of the property is necessary in order to confer jurisdiction to enter a judgment in rem, it is immaterial whether the proceedings against the property be by an attachment or bill in chancery or other equivalent, if it be substantially

a proceeding in rem. To the same effect is the case of Bruff et al. v. Thompson et al., 31 W. Va. 16, 6 SE. 352.

We think the order appointing the receiver and directing the sheriff to deliver the money to such receiver, who immediately qualified upon his appointment, was equivalent to an actual seizure. It tied up the money, and resulted in its coming into the hands of the receiver, who is an officer of the court.

**6, 7.** It is contended that, since the order of publication was made the day before the money actually came into the hands of the receiver, there was no jurisdiction over the subject matter, and hence the order is void. We cannot agree with this contention. It is the well-recognized rule that the title and right of possession in the receiver relates back to the time of appointment. High on Receivers (4th ed.), sec. 136. In this case the order directing the sheriff to turn the property over and the demand therefor by the receiver were made before the order of publication. The money in question was seized, so far as the petitioner is concerned, prior to the making of the order of publication.

**8.** It is contended that there is no allegation of insolvency of Hatch, and hence no receiver should have been appointed. We held in the Sugarman matter, supra, that in a suit in equity for the dissolution of a partnership and an accounting such an allegation is not necessary.

**9, 10.** The writ of prohibition issues only in the sound judicial discretion of the court for the furtherance of justice. In the circumstances of this case we feel that the ends of justice do not demand the issuance of the writ sought.

It is ordered that the application be denied, and that these proceedings be dismissed, with leave to the respondent court to proceed, after allowing the petitioner ten days from the service of a copy hereof within which to move or plead in said court as he may be advised.