## METCALFE v. SECOND JUDICIAL DISTRICT COURT

No. 2854

February 5, 1929. 274 P. 5.

*Roberts, Scanlan & Ingram,* for Petitioner:

*Edw. F. Lunsford* and *Short & Ames,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in prohibition. The affidavit states that:

On August 1, 1928, Robert F. Metcalfe commenced an action for divorce in the Second judicial district court in and for Washoe County, Nevada, against his wife, Gertrude C. Metcalfe; that thereafter the defendant in that suit made application to the court for an order allowing suit money and alimony pendente lite; that on September 18, 1928, a hearing was had on said application; that upon said hearing it was made to appear that the parties to said suit had 'on February 25, 1927, entered into a written agreement wherein they settled and divided their property interests and the said wife waived and relinquished any and all property rights in and to any property held by the plaintiff, and in case of the institution of a suit for a divorce waived any and all right to alimony pendente lite and suit money; that Hon. George A. Bartlett, one of the judges of said court, after full hearing denied said application for suit money and alimony.

The affidavit herein further states that after the making of said order and on October 10, 1928, Gertrude C. Metcalfe, the defendant in said divorce suit, filed an action in the Second judicial district court in and for Washoe County, Nevada, for the cancellation of said agreement upon the ground that it was induced by fraud and duress, and that on the 11th day of October, 1928, Hon. Thomas F. Moran, one of the judges of said court, issued a restraining order restraining the said Robert F. Metcalfe and his attorneys from further prosecuting said divorce suit, during the pendency of

said proceeding for the cancellation of said agreement, and until the further order of the court.

The affidavit further states that on the 16th of October, 1928, Robert F. Metcalfe filed in said suit last mentioned an application for an order to dissolve said restraining order, and that thereafter and on the 19th of October, 1928, after a hearing in the matter, the said Hon. Thomas F. Moran, district judge as aforesaid, denied said application; that the said Moran in so ordering acted in excess of his jurisdiction and authority; that applicant is without a plain, speedy, and adequate remedy, and hence asks the issuance of a writ of prohibition.

The respondent appeared by both demurrer and answer. From the uncontradicted answer of the respondent it appears that when the question of the allowance of suit money and alimony was passed upon in the divorce suit by Judge Bartlett he stated that, until the agreement of Mrs. Metcalfe, waiving suit money and alimony, had been annulled by some court of competent jurisdiction, he would have to give it full force and effect, and that such agreement was not before him for adjudication.

In support of the application, the well-established general rule that when one state court of competent jurisdiction assumes jurisdiction of a subject matter no other court of the same state will interfere, is invoked.

To maintain the contention, reliance is had upon the text stated in section 105, R. C. L. at p. 1067, reading as follows:

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case its authority continues subject only to the appellate authority until the matter is finally and completely disposed of; and no court of coordinate authority is at liberty to interfere with its action."

With this general rule there can be no complaint. It is essential to the avoidance of confusion and chaos

in litigation, but the section from which petitioner quotes to sustain his position contains a qualification which he does not quote, and which is very material in this connection. It reads:

" * * * An essential condition of the application of the rule as to priority of jurisdiction is that the first suit shall afford the plaintiff in the second an adequate and complete opportunity for the adjudication of his rights, for the rule that the court first acquiring jurisdiction retains it to the end must yield to the higher principle which accords to every citizen the right to have a hearing before a court of competent authority. * * * "

This qualification to the rule relied upon by the petitioner, taken from the very section of the work upon which he relies, in our opinion compels a decision in favor of the respondent.

■ Judge Bartlett took the position that the agreement between the parties was binding upon him until abrogated by a court of competent jurisdiction. By his very ruling he recognized that a suit to abrogate the agreement would be proper. We take it that petitioner concedes the correctness of Judge Bartlett's position, but contends that the proper procedure, indeed the only procedure available to him is in the divorce action, wherein it is claimed she can by cross-complaint obtain all of the relief she can possibly obtain in the suit she instituted to have the agreement settling property rights and waiving alimony and suit money canceled.

If the respondent herein has a plain, speedy, and adequate remedy in the divorce suit, she should be compelled to adjudicate all questions therein. Let us see if she has.

It is provided by statute (Rev. Laws, sec. 5843) that in any suit for divorce the court may, in its discretion, upon application, at any time after the filing of the complaint, require the husband to pay such sums as may be necessary to enable the wife to carry on or defend such suit and for her and the children's support during the pendency of such suit.

In view of the statute and the interest which the public has in divorce proceedings and the support and maintenance of a wife and children, it is very questionable if a wife can contract away such right in such a manner as to enable the husband to escape the obligation of paying suit money in a divorce suit, but since we are not called upon to decide that question we will proceed at once to a consideration of the one before us. The question, then, is, Has the respondent an adequate and complete remedy in the divorce suit?

Under the statutes such as the one above referred to whereby the court is authorized to make an allowance to the wife to enable her to "carry on or defend such suit," it is generally held that such allowance can only be made as to the future and not as to expenses already incurred. Loveren v. Loveren, 100 Cal. 493, 35 P. 87.

Whatever else may be said, it is certainly the spirit of the law to afford an impecunious wife the funds wherewith to carry on her defense and not to leave her in a position which might result in great injustice being done her, as would often be the case if the policy of the law were to make an allowance only after the trial and determination of a divorce suit. Such is the rule in Nevada, for, as said in Lake v. Lake, 16 Nev. 363: "The object of the law is to afford a wife without means the funds necessary to prosecute or defend suits of this nature. * * * She is entitled to proper allowance so long as the cause is pending and until it is finally determined."

The respondent herein appeared in the divorce action and made a showing to the effect that she was without funds necessary to enable her to carry on and defend her suit. By her application she brought herself squarely within the terms of the statute and the law as enunciated by this court. If the contention of the petitioner that the respondent can only ask for the nullification of the agreement mentioned in the divorce suit, then the policy of the law is set at naught, and though it is doubtful if this can be done even by an agreement between the parties, yet if it can be done, and the

respondent herein, in seeking to have it abrogated, must proceed by way of cross-complaint, rather than by an independent action, the petitioner is given every advantage, and the policy of the law is, in effect, nullified. It is clear that if the position of the petitioner is sound, the merits of the divorce suit will be tried before a court order can be made in the case, and after the trial is completed there will be no defense or suit to "carry on," hence there could be no allowance of attorneys' fees to the respondent. A mere statement of the situation shows how illogical, unjust, and unwise it would be to sustain this application.

■ The writ of prohibition issues only in the exercise of the sound judicial discretion of the court and for the furtherance of justice. Hatch v. District Court, 50 Nev. 282, 257 P. 831. In the circumstances of the case we think the justice is with the respondent, hence the writ should be denied.

▪ ■ Furthermore, the writ sought only arrests proceedings in excess of the jurisdiction of the tribunal pretending to exercise it. Clearly the district court has jurisdiction in the matter complained of.

These proceedings should be dismissed at cost of petitioner.

It is so ordered.