# ELLISON RANCHING CO. *v.* BARTLETT

## No. 2957

October 2, 1931.

3 P. (2d) 151.

*J. D. Skeen* and *E. J. Skeen,* for Relator:

*Gray Mashburn,* Attorney-General, and *M. A. Diskin,* Special Deputy Attorney-General, for Respondent:

*Morley Griswold* and *Milton J. Reinhart,* for John E. Marble and T. S. Cattle Co.:

*Badt & Dysart,* for numerous parties.

*E. J. L. Taber,* for Filippini Ranching Company.

*Cooke & Stoddard, John A. Jurgenson* and *Prince A. Hawkins,* Amici Curiæ.

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in prohibition to arrest proceedings before the respondent.

It grows out of the proceedings instituted many years ago to have adjudicated the relative rights of the water users of the Humboldt river stream system.

Pursuant to preliminary steps theretofore taken, the state engineer, on January 17, 1923, filed in said matter his order of determination with the clerk of the district court of the sixth judicial district of Nevada, in and for Humboldt County. Thereafter certain water users along said stream system filed their objections and exceptions to said order of determination; among them was this petitioner. In due time the matter came on for hearing upon said objections and exceptions before the Honorable George A. Bartlett, then a duly elected, qualified, and acting district judge in the State of Nevada. Final hearing having been had in said matter, said Bartlett, as district judge, on December 31, 1930, filed with the said clerk his opinion and decision in said matter, wherein, among other things, he ordered:

"Except where specifically in this decision otherwise ordered, the order of determination made, filed and caused to be entered of record in the office of the State Engineer on the 29th day of September, 1922, by James G. Scrugham, State Engineer, and thereafter filed on the 17th day of January, 1923, in the Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt, is affirmed.

"Findings will be prepared in accordance with this decision.

"Let Judgment be entered herein accordingly."

The term of office of respondent, as district judge, terminated on January 5, 1931.

At the late session of our legislature, section 9036, Compiled Laws of Nevada, was so amended as to authorize a retiring district judge to make and enter findings

of fact and decree in a case in which he 'had, while in office, rendered a decision, within twelve months after the termination of his term of office, instead of within sixty days as theretofore provided.

The relator contends that the decision rendered by Judge Bartlett on December 31, 1930, is so indefinite that findings and decree cannot be based upon it, and that to enable the respondent to enter such findings and decree it will be necessary that he exercise judicial powers, which he cannot now do.

It is also contended that the act is prospective and not retrospective, and hence does not empower the respondent to act.

Other contentions are also based upon the allegations of the petition.

The respondent and some of the interested water users answered and also moved to quash.

We think the motion to quash should be sustained.

In determining this matter it is not our intention to pass upon the legal points urged by petitioner and the other party who has appeared in support of the petition.

■ The relator does not allege that the decision is indefinite and uncertain in determining its rights, nor does it show that the petitioner will in any way be damaged except as to the question of the allowance to Judge Bartlett of $100 per day for not to exceed fifteen days in disposing of objections to the proposed findings and decree.

So far as can be known there may be no objections or exceptions to the proposed findings and decree, and if there are Judge Bartlett may not take over a day to dispose of them. But if he takes fifteen days, the entire sum of $1,500 will be equally levied upon and collected from approximately 300,000 acres subject to irrigation, or one-half a cent per acre, making the amount for which relator would be liable so infinitesimal as not to justify this writ upon any theory as to that point.

Relator and other counsel seem to concede that if the decision is definite and certain enough to enable

the preparation of findings and decree therefrom that the act of passing upon the objections thereto and signing the same would not be judicial, and while such seems to be the view sustained by the great weight of authority, we do not find it necessary to determine the point.

■■ We may observe that in view of the fact that the order of determination of the state engineer and the statements of claims of claimants and exceptions made to the order of determination, which constitute the pleadings in the district court (section 7922, Nev. Comp. Laws; Vineyard L. & S. Co. v. District Court, 42 Nev. 1, 171 P. 166), are not incorporated in the petition, we will not undertake to say that the contention as to the indefiniteness of the decision is well founded. We held in Norcross v. Cole, 44 Nev. 88, 189 P. 877, that that is certain which is capable of being made certain. Such is recognized as the law in the following cases: Walsh v. Wallace, 26 Nev. 299–330, 67 P. 914, 99 Am. St. 692; In Re Senate File 31, 25 Neb. 864, 41 N. W. 981–988; Starling v. Blair, 4 Bibb (Ky.), 288; Armstrong v. Mudd, 10 B. Mon. (Ky.) 144, 50 Am. Dec. 545. Such being the law, all that is necessary to do, in the noncontested cases at least, is to look to the order of determination.

If we were to determine the question as to whether the amendment authorizing the passing upon objections to proposed findings and decree is retrospective, we would necessarily have to determine if it pertain to a matter of procedure, a question not discussed by counsel. The law seems to be that an act pertaining to procedure is viewed in a different light from statutes pertaining to antecedent rights. Boucofski v. Jacobsen, 36 Utah, 165, 104 P. 117, 26 L. R. A. (N. S.) 898; 2 Lewis' Sutherland Stat. Const. (2d ed.), sec. 674; Dickson v. Alabama Machinery & Supply Co., 18 Ala. App. 164, 89 So. 843; Nash v. Robinson, 226 Mich. 146, 197 N. W. 522; Dakota Cent. Tel. Co. v. Mitchell Power Co., 45 S. D. 462, 188 N. W. 750.

It does not appear to what extent, if at all, any of the complaining parties can be injured.

■ The rule which should control this court upon an application for this writ was clearly and strongly stated in Walcott v. Wells, 21 Nev. 47, 24 P. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478, and adhered to in Bell v. District Court, 28 Nev. 280, 81 P. 875, 1 L. R. A. (N. S.) 843, 113 Am. St. Rep. 854, 6 Ann. Cas. 982; Turner v. Langan, 29 Nev. 281, 88 P. 1088; Silver Peak Mines v. District Court, 33 Nev. 97, 110 P. 503, Ann. Cas. 1913D, 587; State ex rel. Hatch v. District Court, 50 Nev. 282, 257 P. 831; and in Metcalfe v. District Court, 51 Nev. 253, 274 P. 5, where it was said, among other things, that the writ issues only in the exercise of sound judicial discretion and for the furtherance of justice.

Waiving aside other objections that are made to the issuance of the writ, we are convinced that sound judicial discretion and the furtherance of justice demands that these proceedings be dismissed and that the complaining parties be left to pursue their legal remedy.

It is so ordered.