MILTON A. BOWLER AND MILTON D. BOWLER, PETITIONERS, *v.* THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CHURCHILL, HONORABLE D. W. PRIEST, DISTRICT JUDGE, AND G. M. CAMPBELL, RESPONDENTS.

No. 3663

August 15, 1951.                    234 P.2d 593.

*Morley Griswold* and *George L. Vargas*, of Reno, for Petitioners.

*John S. Sinai, John W. Coulman* and *David P. Sinai*, all of Reno, for Respondents.

## OPINION

By the Court, BADT, C. J.:

On March 28, 1951 Milton A. Bowler and Milton D. Bowler filed in this court their original petition for a writ of prohibition prohibiting the respondent district court and district judge from proceeding with certain receivership proceedings initiated against them by Stella Belanger Leonard Bryson. On April 3, 1951, in chambers, we made an order denying the petition without prejudice. The order contained a statement of the pertinent facts, and the status of the main controversy between Mrs. Bryson (formerly Stella B. Leonard Belanger) and the Bowlers existing at that time. A copy of the order is set forth in the margin.[1] On July 17,

---

[1]This is the fourth time, although under different titles, that this controversy has reached this court. See Bowler v. Vannoy, 67 Nev. 80, 215 P.2d 248, Leonard v. Belanger, 67 Nev. 577, 222 P.2d 193; Belanger v. Leonard, 68 Nev. 258, 229 P.2d 153.

The Bowlers have now filed their petition for a writ of prohibition directed to the respondent court prohibiting certain receivership proceedings in still another action. Such action is described as one brought by Stella Belanger Leonard, now Stella B. Bryson, against the Bowlers, a typical claim and delivery suit, for recovery of possession from the defendants of the same and identical forty-one milk cows and two bulls, or for their value in case delivery

1951 the matter was heard at length upon the original petition and on certain supplemental pleadings with sundry exhibits attached from which it appears that certain additional proceedings have since been had in

cannot be had, and for the reasonable value of the use of said livestock for the period during which she has been deprived of their possession. A copy of such complaint is attached to the petition as an exhibit. Attached also is copy of an amended notice of motion for the appointment of a receiver to take charge of said cattle pending the determination of the action. The receiver was sought on the ground that the cattle in the possession of the defendants would become lost, removed, destroyed, injured or unaccounted for in the absence of such relief, that the defendants are insolvent, that the plaintiff is the owner and that defendants are not and never have been the owners, that defendants will otherwise continue to sell the milk from said cows and retain the proceeds, that plaintiff will otherwise suffer irreparable injury and damage, that defendants have practiced fraud and misconduct in conspiring to deprive plaintiff of the possession of the livestock and the income and profits derived from them, that plaintiff has not any plain, speedy and adequate remedy at law. The motion was supported by the plaintiff's affidavit which recited the earlier proceedings, referred to in the opinions of this court in the matters above mentioned; that "plaintiff has made every effort to obtain a delivery bond, and has been unable to do so, by reason of the fact, among other things, that she does not have the means to pay the premium on said bond, and said bonding company refuses to issue said bond; that plaintiff's inability to obtain said bond is based on the fact that she does not have security for said bond because her real and personal property are encumbered; that this situation has been brought about through plaintiff's inability to obtain in the past the cattle referred to in this action and the income and profits therefrom." The petition annexes as a further exhibit copy of an affidavit of Milton A. Bowler in reply, which also sets out certain of the proceedings theretofore had and alleges ownership of the livestock. As a further exhibit there is attached a copy of "Notice by Court of Intent to Appoint Receiver," filed by Honorable D. W. Priest, District Judge, January 24, 1951, in which the learned district judge "here tentatively disposes of said matter." The district judge found that there was danger of insolvency as to both parties and a probable inability of either to respond to a final adverse order concerning the property, its value and its rents, issues and profits; that it was highly desirable that a receiver be appointed; that counsel for the parties be asked to recommend prospective appointees and that the court would appoint a receiver, whether from such nominees or otherwise. A further exhibit is a notice of motion on the part of the Bowlers, dated February 5, 1951, before any appointment of receiver, and noticed for February 12, 1951, that they would move the court to dismiss plaintiff's petition for appointment of receiver upon the ground, among others, that the court had no jurisdiction to appoint

the respondent court. On June 25, 1951, two months and twenty-two days after we filed the order quoted in the margin, the respondent court filed an "Opinion and Ruling on Matters at Issue and Submitted," in which it was, among other things, ordered that the demurrer to the amended complaint (to adjudge plaintiff's ownership and right to possession of the livestock) be overruled and the motion to strike parts of the complaint be

a receiver, for the reason that plaintiff had and has an adequate remedy at law. On March 13, 1951, as appears from a further exhibit, the court made and filed an order appointing one G. M. Campbell as receiver "to take into his possession and control and to safely keep until the further order of the court, all of the cattle described in plaintiff's complaint and the issue thereof, and the substitutions made therein, or such cattle as are still remaining in the possession of said defendants * * * that said receiver be and he hereby is ordered and instructed to remove [them] from the premises of Milton A. Bowler and Milton D. Bowler, or either of them," and ordering the Bowlers to deliver up possession to the receiver, who was ordered to place them on the Stella Leonard ranch near Hazen, Nevada, and the sheriff of Churchill County was, by the court, instructed to assist the receiver in taking the cattle from the Bowlers. The order gave certain instructions to the receiver as to the handling of the livestock, accounting for the proceeds, etc., and ordered that he be paid for his services $100 per month, plus certain mileage, etc. The order closed with the following paragraph: "It appearing to the court that no statutory bond is required of said receiver, and that the requirement of such a bond at the most would be discretionary with the court, it is hereby ordered that no bond shall be required of the receiver named herein." This had apparent reference to a bond conditioned upon the faithful performance of his duties by the receiver. The court made no reference to any bond to be posted by the plaintiff for the protection of the defendants in case it should be finally determined by the court that the plaintiff was not entitled to the appointment of a receiver. Unless it may be said that the learned district judge, by his order appointing the receiver, impliedly denied the defendant's motion to dismiss the petition for appointment of receiver, it does not appear that such motion was directly considered by the court. Neither in the order appointing the receiver nor in the court's notice of its intention to appoint a receiver are any questions of law disposed of or even considered. The Bowlers have submitted, with their petition for prohibition, a brief insisting that it clearly shows that the plaintiff's pending action in the district court is one for claim and delivery and that under statutory provisions an undertaking must be filed before she can obtain delivery of the livestock; that the equitable jurisdiction invoked in the appointment of the receiver was not available by reason of this statutory remedy (Ex Rel. Nenzel v. District Court, 49 Nev. 145, 241 P. 317, 43 A.L.R. 1331;

denied, that the defendants have twenty days to answer the amended complaint and plaintiff have twenty days for a responsive pleading thereto. The court also denied the motion of the defendants to dismiss the petition for appointment of receiver filed February 6, 1951 (which appointment was ordered January 25, 1951), upon the

Shelton v. District Court, 64 Nev. 487, 185 P.2d 320) ; that the order appointing the receiver contains injunctive features for which a bond is required by statute. Sec. 8696 N.C.L. 1929. Authorities from other states and citations of certain texts are also contained in the brief. See Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 136, 10 L.R.A. 627, in which prohibition was granted to arrest further proceedings where it was held that the superior court was without jurisdiction to appoint a receiver under the circumstances of that case.

We are not by our present order determining the question of the jurisdiction of the district court to make its order appointing a receiver under the circumstances.

The questions of law presented by the petition for an alternative writ of prohibition are entitled to serious consideration. It is felt however that such consideration should first be had by the district court, whether as raised by said motion to dismiss the petition for appointment of receiver or by other appropriate motions. It would appear that such remedy is plain, speedy and adequate. We also have in mind the situation whereunder there has been pending for some months the general demurrer of the defendants to the complaint of the plaintiff, a complaint sounding in claim and delivery; that it may be that the action itself can be speedily brought to trial and determined; that in all the litigation between these parties there never has been a determination, as between them of the ownership and right to possession of these dairy cattle. It is indicated that the learned district judge, who is presiding in this matter, has been kept busily engaged in sitting in judicial districts other than his own for the assistance of other district judges and that it has been difficult to fix dates satisfactory to court and counsel for presentation of issues of law and fact involved in these proceedings.

We have no doubt, however, that some arrangement can be made by the court for an early setting (either with the active cooperation of counsel or by order of court without such cooperation) of the present motion to dismiss or of other motions that may be appropriately made, and that prompt and speedy determination may be made of the issues raised, including the issues of law hereinabove mentioned.

It is hereby ordered that the petition for an alternative writ of prohibition be, and the same hereby is, denied, but that said petition be not dismissed, but remain pending and without prejudice to its being called up for hearing before this court, or before the justices thereof in chambers, by either party on ten days' notice to the other, and subject to the further orders of this court.

Dated April 3, 1951.

ground that the same was simply a rehearing, without leave of court, of matters theretofore determined, in violation of District Court Rule XI.[2] The court at the same time denied the motion of defendants to vacate the court's order of March 13, 1951, appointing the receiver and ordering the defendants to deliver possession of the cattle to him. The grounds for that motion were the same as those alleged in support of the present petition for prohibition, namely, that the plaintiff had an adequate remedy at law in claim and delivery and that the court had no jurisdiction, without requiring bond, to appoint a receiver with a mandatory injunction that the defendants deliver up possession to him. All this appears from the recitals contained in respondent's order of June 25, 1951. We list a few of the important dates bearing on the present situation:

Sept. 14, 1948, judgment, Stella B. Leonard Belanger v. David J. Belanger, adjudicating the former's ownership of the forty-one head of milk cows and two bulls involved in all of the proceedings mentioned.

Oct. 21, 1949, judgment, Stella B. Leonard Belanger v. Childers and Vrenon, asserted successors in interest of David J. Belanger, again adjudicating her ownership of the same cattle.

Oct. 21, 1949, sheriff's levy on said cattle, then possessed and claimed by the Bowlers, under writ of execution in Belanger v. Childers and Vrenon.

Feb. 10, 1950, our writ of mandamus (Bowler v. Vannoy, sheriff, 67 Nev. 80, 215 P.2d 248), ordering the sheriff to return the cattle to the Bowlers.

April 24, 1950, leave granted by district court in third party claim proceedings in Leonard v. Childers and Vrenon permitting Mrs. Leonard to sue the Bowlers for possession of the livestock.

Dec. 12, 1950, complaint filed, Leonard v. Bowler.

[2]"No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

Dec. 18, 1950, Mrs. Leonard's notice for motion for appointment of receiver.

Jan. 6, 1951, her amended notice of motion for appointment of receiver.

Jan. 25, 1951, "Notice by Court of Intent to Appoint a Receiver."

March 13, 1951, order appointing receiver.

April 3, 1951, our order denying without prejudice alternative writ of prohibition.

April 21, 1951, amended complaint filed, Leonard v. Bowler.

April 30, 1951, demurrer to amended complaint and motion to strike filed.

May ?, 1951, demurrer and motion submitted without further argument.

June 25, 1951, order overruling demurrer, etc.

Defendants (petitioners herein) filed their answer to the amended complaint on July 17, 1951, the last of the twenty days allowed by the district court for the purpose, and being the same day that the petition for prohibition and supplemental matters were orally argued to this court by both parties. At that time further briefs were ordered filed, the last of which was filed July 31, 1951, on which date the matter stood submitted to this court. If we may assume that plaintiff filed her reply to defendants' answer within the period allowed by the trial court's order, such reply must have been filed on or before August 6, 1951, so that the case is now at issue and ready to be tried on the merits. Such action is characterized by both parties and by the district court as one in claim and delivery whose main issues are the ownership and right to immediate possession of the livestock asserted by both parties.

Petitioners insist, first, that Mrs. Bryson's clear, plain, speedy and adequate remedy in the court below, as evidenced by her own pleadings, was an action at law in claim and delivery, in the course of which, if she desired immediate possession, she could obtain it under statutory

proceedings and upon filing the statutory bond; that with such remedy available, she had no recourse to the equitable remedy of the appointment of a receiver. Secondly, petitioners insist that respondents' order appointing receiver contained express injunctive provisions[3] and that the court was without jurisdiction to issue such injunctive order without requiring a written undertaking to pay to the defendants such damages as they might sustain by reason thereof if the court should finally decide that the plaintiff was not entitled thereto. Sec. 8696 N.C.L. 1929; Shelton v. District Court, 64 Nev. 487, 185 P.2d 320; Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121.

Counsel for Mrs. Bryson (who appear herein as attorneys for respondents) contend: (1) that under the circumstances her remedy in claim and delivery was inadequate, and that her only protection against the threatened loss of the cattle was through the appointment of a receiver who might hold the same as an officer of the court pending the determination of the controversy; (2) that our statute governing the appointment of receivers does not require the posting of bond;[4] (3) that the only injunctive feature contained in the order appointing receiver is one which, if not expressed, is implied in every order appointing a receiver and implied in numerous other orders entered from time to time by district courts; (4) that the respondent court had jurisdiction of the parties and the subject matter, had jurisdiction to appoint a receiver and that the matter of

[3]The order appointing receiver directed the Bowlers "to deliver up said cattle to said receiver." The learned district judge, in his opinion denying the motion to vacate the appointment of the receiver, said: "It is the opinion of the court that the 'deliver up' order is nothing more or less than to order the Bowlers * * * to refrain from interference with the receiver in taking possession of said cattle."

[4]Section 8749 N.C.L.1929, "A receiver may be appointed by the court in which an action is pending, or by the judge thereof: 1. In an action * * * between * * * others * * * interested in any property * * * on application of * * * any party whose right to * * * the property * * * is probable." The chapter on receivers contains no requirement for bond.

exacting a bond was discretionary; and (5) that the present petitioners have a remedy by appeal from the order appointing the receiver or the order denying the motion to vacate the order appointing the receiver, and that in any event the matter of the issuance of the writ of prohibition by this court is within its sound discretion and should be exercised only in the furtherance of justice and that under the circumstances of this case the writ should be denied.

As we are of the opinion that the writ should be denied upon the ground last stated, it is unnecessary to discuss the other issues raised dealing with respondents' asserted lack of jurisdiction to appoint the receiver. In our order of April 3, 1951, denying without prejudice the petition for an alternative writ of prohibition, we specifically stated that we were not determining the question as to whether or not the district court had jurisdiction to appoint the receiver and to order the Bowlers to deliver up the cattle to the receiver. It is evident from the opinion of the learned district judge that the equities of the case strongly appealed to him and that the history of the case, showing a reduction of the herd of milk cattle from an original forty-one cows and two bulls to the present sixteen head of cows, with the assertion by the defendants, though insolvent, that they had an absolute right to sell the same, comprised a complete showing to him that there was danger that the property would be lost, removed or materially injured. In answer to the contention that there could be no lawful appointment of a receiver unless it is shown that the interest of the plaintiff in the cattle is "probable" (sec. 8749, sub. 1, N.C.L.), the court pointed to the awarding of these same cattle to the plaintiff in two previous judgments against the defendants' predecessors.

In Ex Rel. Hatch v. District Court, 50 Nev. 282, 257 P. 831, 833, this court said: "The writ of prohibition issues only in the sound judicial discretion of the court for the

furtherance of justice. In the circumstances of this case we feel that the ends of justice do not demand the issuance of the writ sought."

In Walcott v. Wells, 21 Nev. 47, 24 P. 367, 368, 9 L.R.A. 59, this court said:

"It is a principle which lies at the very foundation of the law of prohibition that the jurisdiction is strictly confined to cases where no other remedy exists; and it has always been held to be sufficient reason to refuse to issue the writ where it clearly appears that the petitioner therefor has another plain, speedy and adequate remedy at law."

Other cases are to the same effect. See O'Brien v. Commissioners, 41 Nev. 90, 167 P. 1007; Ex Rel. Hatch v. District Court, 50 Nev. 282, 257 P. 831; Silver Peak Mines v. Second Jud. Dist. Court, 33 Nev. 97, 110 P. 503.

Having in mind the fact that under sec. 9385.60 N.C.L. 1931–1941 Supp., an appeal lies from an order "appointing or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver," and having in mind the fact that the case is at issue on the merits in respondent court and should be subject to speedy determination; and considering the long history of the litigation involving these parties, in the course of which no trial of the issue of ownership has as yet been had, and the strong appeal made to the equity powers of the respondent judge as indicated by his opinion; and in view of the fact that it cannot be said that the respondent court and judge were *clearly* without jurisdiction to appoint the receiver under the circumstances, despite the serious attack upon such jurisdiction, we do not feel, in the exercise of our sound discretion, that the furtherance of justice demands the issuance of the writ.

To issue the writ as prayed for by petitioners, upon the grounds asserted by them, would in effect compel the respondents to vacate the order appointing the

receiver and to order the receiver to return the live-stock to the possession of the Bowlers, thus tending only to increase the turmoil and confusion that have maintained for several years in the matter. And this, in face of the probability that in a short time the issues will have been determined whereunder the ownership of the livestock will be adjudicated. The case is "far from being one in which we should regard it as a proper exercise of discretion to interfere with the orderly progress of the suit below by the issue of this writ." Ex parte New York and Porto Rico Steamship Co., 155 U.S. 523, 15 S.Ct. 183, 39 L.Ed. 246.

The petition is denied and the proceedings dismissed. No costs are awarded.

EATHER and MERRILL, JJ., concur.