MERCHANTS' LOAN, AND TRUST COMPANY, Appellant, *v.* HENRY CLAIR, Respondent.

*Court of Appeals, November* 29, 1887.

Affirming same case, 36 Hun, 362.

*Corporation. Receiver. Real party.*—Where a corporation, in an action upon a promissory note, after proving the note and its incorporation, put in evidence an order of the court of chancery of New Jersey, in which state the plaintiff was incorporated, appointing a receiver, and a statute of New Jersey, providing for the appointment of a receiver, when any corporation shall be dissolved, the inference is that the plaintiff had no longer a corporate existence, and the complaint is properly dismissed.

Action by a corporation organized under the laws of New Jersey, upon a promissory note made by defendant.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the dismissal of the complaint at the circuit.

*J. A. Mapes*, for appellant.

*D. McCurdy*, for respondent.

PER CURIAM.—The plaintiff, on the trial of this action,

after making a *prima facie* case for a recovery, instead of resting seems to have unmade it.    The suit was on a promissory note which was fully proved together with the due incorporation of the plaintiff.    Without pausing at this point and leaving the burden of the defense upon the defendant the plaintiff proceeded to throw doubt upon his own case.    He put in evidence an order of the court of chancery of New Jersey, in which state the plaintiff had been incorporated, appointing a receiver of the corporate property founded upon a petition alleging the insolvency of the company and that it had suspended business for want of funds.    This order directed the receiver to collect and turn into money the assets of the corporation and pay the proceeds, not to it, but to the creditors of the company.    This might have been an interlocutory order under the law of New Jersey, but for the apparent purpose of showing the foreign law which authorized the order, the plaintiff read in evidence a statute of New Jersey providing for the appointment of a receiver " when any corporation shall be dissolved."    The only admissible inference from this proof was that the receiver had been appointed under the New Jersey law after or upon the dissolution of the corporation, and that the plaintiff had no longer a corporate existence.    At this point the plaintiff rested and the defendant moved to dismiss the complaint. The plaintiff, with its attention drawn to the difficulty instead of proving some other law under which the receiver had been appointed, and consistent with the life of the corporation, stood upon the case as made, and his complaint was dismissed.    That seems to us to have been a correct dicision.

The whole argument for the plaintiff proceeds upon the assumption that the corporation had not been dissolved. That may have been the truth, but upon the evidence which the plaintiff himself gave the inference is the other way.

The judgment should be affirmed with costs.

All concur, except RAPALLO, J., absent.