[Civ. No. 9752. Second Appellate District, Division Two.—June 4, 1934.]

HARRY YAGER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Edward A. Adams and H. L. Carnahan for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, J. C. Hughes, Thomas M. Gannon, Clock, McWhinney & Clock and James C. Ingebretsen for Respondents.

CRAIG, Acting P. J.—On petition for writ of prohibition. In this proceeding an alternative writ of prohibition was issued; a return was made by demurrer and also by answer.

The petitioner alleges that he is a shareholder of the Western Loan and Building Company, a Utah corporation; that the banking commissioner of the state of Utah, prior to August 17, 1933, placed a custodian in charge of the affairs of the association in that state; that prior to said

date, the association was licensed to carry on the general business of a building and loan association in the state of California; and that at that time it had assets located in this state amounting to $19,500,060 and liabilities owing to residents of California in the sum of $3,450,000; that the banking commissioner of Utah and the building and loan commissioner of California on the date above mentioned determined that the association was insolvent and that the future conduct of its business would be hazardous to the investing public and thereupon said building and loan commissioner of California took charge of the assets of the association in this state and on the twenty-sixth day of September, 1933, filed a formal notice in the superior court of his determination to liquidate its assets and has since been engaged in so liquidating the same in California; also that the California commissioner has mailed out notices and written communications indicating that he intends to submit a plan of reorganization of the association and that the said plan of reorganization contemplates ignoring the provisions of the laws of the state of California in certain particulars and especially in the disposition of the assets of the association and its deposit of $350,000 with the state treasurer, placed there as a condition precedent to its carrying on business in California. Other allegations contained in the petition which were regarded as sufficient in addition to the foregoing to warrant issuing an alternative writ need not be stated here.

Petitioner seeks a peremptory writ prohibiting respondent court from exercising jurisdiction in the matter of taking any steps or making any order affecting a reorganization of the Western Loan and Building Company, it being represented that said court has heretofore made an order setting the date for hearing an application which it has directed the building and loan commissioner to file praying for the approval of said reorganization plan of the association.

The theory of petitioner is that the Building and Loan Association Act of the state of California is the sole authority of the commissioner to do any act involved in this controversy; that under the provisions of this statute, when the commissioner has once elected to liquidate an association he must proceed to complete such liquidation and that there-

after he has no jurisdiction to take any part in any reorganization plans or to take cognizance of such a plan even to the extent of calling it to the attention of the superior court. Therefore, it is asserted, the superior court has no jurisdiction to entertain a petition of any character recognizing such reorganized corporation, if the same has been completed or permitting the transfer of any assets of the association in liquidation under any conditions. It is claimed that section 13.20 of the act, which provides the plan for the reorganization of insolvent associations expressly excepts from its operation an association which has been taken into the possession of the commissioner for the purposes of liquidation because the section by its own terms applies only to an association "not in the custody of the commissioner". We cannot agree with this construction of the law. Such an interpretation would make the act quite meaningless. ▆ The association is a legal entity. The commissioner of Utah, the state of its incorporation, is the only commissioner who can have its custody. (14 Cor. Jur. 340, sec. 417; 14A Cor. Jur. 1327.) The California commissioner may take possession of the business and assets of a foreign association, but not of the association itself. ▆ Hence when by section 13.20 of the act it is provided: "Whenever the holders of seventy-five per cent in value of the outstanding investment certificates of an association, which association is not in the custody of the commissioner," etc., in so far as this provision is concerned, there is no inhibition against the commissioner taking cognizance of a reorganized association and proceeding under the further provisions of said act. In the instant proceeding, it appears that the necessary steps have been taken, agreeable to section 13.20 of the act to reorganize the association; that these have received the approval of the Utah commissioner and that it is the plan thus put into effect which is to be submitted to the superior court for its approval. But it is further contended that sections 13.13 et seq., which create the power of the commissioner to liquidate an association and the procedure which he should follow in making such liquidation, allow of no interruption of this proceeding when the commissioner has once determined to liquidate, and has thus entered upon that process;

having put his hand to the plow he cannot turn back or deviate.

It is true that there is no express provision among the sections having to do with liquidation for any interruptions through reorganization of the association or otherwise; neither is there any express inhibition of such interruption. The entire act must be construed as a whole. All of its sections must be construed together and so when section 13.20 declares "whenever", etc., as above quoted, this language has the force of injecting a plan and scheme for reorganization at any point in the handling of an association by the commissioner unless a prohibition appears, express or implied, against such an interpolation and such interruption of the conduct of its business in whatever stage it may be. We find no such prohibition.

■ The conclusion just stated is aided by the fact that section 13.20 contains complete protection of the rights of shareholders in an insolvent association whose assets are in the possession and control of the commissioner if such shareholders refuse to consent to the reorganization. It is unnecessary to quote from the section these provisions in detail, but it contains requirements for notice to certificate holders and others, the retention of such assets of the association as are necessary to fully protect all nonconsenting certificate holders, shareholders and stockholders and the preservation of all their rights, preferences and priorities provided by the Building and Loan Association Act; also provisions for the right of such nonconsenting interest owners to have their rights safeguarded and further protected by an appeal to the superior court provided they are not satisfied with the steps taken by the commissioner in their behalf. ■ This enactment furnishes a second reason why this petitioner should be denied the relief herein stated, namely, that he does not show injury if the superior court is permitted to proceed and even though its contemplated action might be erroneous or beyond its power. Unless such injury is shown, a writ of prohibition will not issue and the parties will be left to other appropriate remedies. (50 Cor. Jur. 662, sec. 15, and 701, sec. 107, also Supp.; *Galbreath* v. *Hopkins,* 159 Cal. 297 [113 Pac. 174]; *Lorenz* v. *Waldron,* 96 Cal. 243 [31 Pac. 54]; *Keyes* v. *Little York Gold Washing & Water Co.,* 53 Cal. 724; 32

C. J. 42, sec. 22, and Supp.) As a general rule it will issue only in cases of special emergency, to prevent great impending present injury or extraordinary hardship. (*State* v. *Gleason,* 187 Ind. 297 [119 N. E. 9]; *State* v. *Circuit Court,* 184 Wis. 301 [199 N. W. 213]; *Ellison Ranching Co.* v. *Bartlett,* 53 Nev. 420 [3 Pac. (2d) 151].)

As we have stated, section 13.20, through appropriate action by the nonconsenting interest holder, compels full conservation and protection of his rights by the commissioner and the court.

The cases cited by petitioner in support of the claim that his rights or those of other interested holders in his own class may be prejudiced by any ruling of the superior court which we are asked to restrain are distinguishable in point of fact from the instant proceeding and hence are not in point. In consideration of our views as we have stated them it will not be necessary to pass upon other contentions advanced by respondent.

The writ is discharged.

Desmond, J., concurred.