[Civ. No. 7300. Third Dist. Dec. 20, 1946.]

FIDELITY METALS CORPORATION (a Corporation), Appellant, v. BERL RISLEY et al., Respondents.

Tebbe & Correia and Floyd Merrill for Appellant.

Buffum & Postlethwaite and R. H. Schwab for Respondents.

PEEK, J.—Plaintiff, a Nevada corporation, appeals from an adverse judgment in an action to quiet title to certain real property which plaintiff allowed to be sold to the state for taxes, and which thereafter was sold by the state to defendant.

Defendant now has moved to dismiss said appeal on the ground that the plaintiff is without capacity to sue or prosecute the same by reason of the fact that prior to the commencement of this action its charter was revoked and has not been reinstated by the State of Nevada for failure to pay certain corporate taxes in that state.

The record discloses that the plaintiff was incorporated in the State of Nevada on October 22, 1929, was authorized to do business in California on September 21, 1936, and sometime thereafter acquired the real property which is the subject of this controversy. On January 6, 1938, plaintiff, having become delinquent in the payment of its franchise tax, forfeited

its right to do intrastate business in this state under the provisions of section 32 of the Bank and Corporation Franchise Tax Act (Stats. 1937, p. 2348; 3 Deering's Gen. Laws, Act 8488).

The plaintiff likewise failed to pay the property taxes assessed against the premises in question, and on June 30, 1942, the property was sold to the state. Defendant acquired the property by tax deed from the state on December 30, 1943.

On December 2, 1944, the plaintiff brought this suit to set aside said sale to defendant on the ground, principally, that the requisite notice of sale had not been given to the plaintiff by the tax collector. After the filing of defendant's answer but prior to the trial of the action, to wit, December 18, 1945, the Franchise Tax Commissioner issued to the plaintiff corporation a certificate of revivor, reciting that payment had been made of the franchise taxes, penalties and interest due, owing and unpaid to the state, and certifying that the corporate powers, rights and privileges of the corporation or its right to do intrastate business in the state were revived and restored to full force and effect.

During the course of the hearing plaintiff, over objection, introduced in evidence said certificate of revivor, and the defendant likewise, over objection, introduced in evidence two certificates executed by the Secretary of State of the State of Nevada showing that the charter of the plaintiff corporation had been revoked on the first Monday of March, 1938. Said certificates further disclosed that such action was taken pursuant to and in accordance with the provisions of chapter 180 of the 1925 statutes of Nevada, as amended (N.C.L., §§ 1804-1809), in that said corporation failed to file a list of its officers, directors, etc. for the period of 1937-1938, and to pay the filing fee therefor and penalty, and that its charter has never been reinstated. Defendant thereupon asked leave to amend his answer to conform to proof with respect to the corporate existence of the plaintiff and its capacity to prosecute the action and further moved to dismiss the proceedings. The motion to dismiss was denied but leave was granted to so amend said answer. The court having denied defendant's motion to dismiss, the cause was heard on the merits and at the conclusion thereof findings of fact on all material issues were entered in favor of defendant, including findings that the plaintiff did not have corporate capacity to sue either in Nevada or in this state, and that both of the sales of real

property, i. e., to the state and from the state to defendant, were valid. After plaintiff's appeal had been filed in this court, defendant moved to dismiss the same primarily on the ground that the plaintiff, being a defunct corporation in its· domiciliary state, likewise had no existence in this state and therefore had no standing to prosecute this action.

Plaintiff adduced no evidence either to show a compliance with the Nevada statutes or to contradict or explain in any particular the showing made by defendant relative to its corporate status in that state. In this regard it is plaintiff's contention that the revocation of its charter in Nevada did not work an *ipso facto* forfeiture of its right to sue but that such right depends solely upon California law which would authorize such a suit as this in the case of a domestic corporation. We find no merit in such contention.

Chapter 180 of the 1925 statutes of Nevada, as amended, requires every corporation organized under the laws of that state to file annually with the Secretary of State a list of its officers and directors and to pay a filing fee therefor, and imposes a penalty on a defaulting corporation which fails to comply with these requirements within a designated time. In addition, it is provided that the Secretary of State, on or before the 15th day of October of each year, shall file with the governor of the state a complete list of all defaulting corporations, together with the amount of the filing fee, penalties and costs remaining unpaid, and that for at least ten days prior to the first Monday in November following, the governor is charged with the duty of publishing such list in the official newspaper and his proclamation to the effect that unless the filing fee together with penalties and costs shall be paid on or before the first Monday in March following, such defaulting corporation shall forfeit to the state the amount of the tax, penalties and costs, shall forfeit its right to carry on business within the state, "and, further, that the charters of all defaulting domestic corporations will be revoked unless payment is made as aforesaid." The statute then provides that "Immediately after the first Monday in March the governor shall file with the secretary of state a full and complete list containing the names of all corporations whose right to do business has been annulled and whose charters have been revoked. The secretary of state shall forthwith notify the several county clerks in whose offices the articles of incorporation which have been forfeited are on file and shall also by

letter addressed to its president or secretary notify each corporation of the forfeiture of its charter.''

By a general statute of the State of Nevada (N.C.L., § 1664) it is provided further that ''All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless for the term of three years from such expiration or dissolution be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established.''

As far as the plaintiff corporation is concerned, the period of limitation prescribed by this statute expired several years before the commencement of this action.

It appears to be settled law that the effect of the dissolution of a corporation, or its expiration otherwise, depends upon the law of its domicile (Restatement, Conflict of Laws, pp. 228-229, § 158; 20 C.J.S., pp. 128-129, §§ 1899, 1900), and that a defunct foreign corporation has no greater capacity or higher standing to commence or maintain an action in the state of the forum than it would have in the state of its domicile. (*Anderson* v. *Derrick,* 220 Cal. 770, 775 [32 P.2d 1078] ; *Yager* v. *Superior Court,* 139 Cal.App. 84, 86, 87 [33 P.2d 451] ; *Seth* v. *Lew Hing,* 125 Cal.App. 729, 733-734 [14 P.2d 537, 15 P.2d 190] ; *Chicago T. & T. Co.,* v. *Forty-One Thirty-Six W. Corp.,* 302 U.S. 120, 124-128 [58 S.Ct. 125, 82 L.Ed. 147] ; *Indian Protective Assoc.* v. *Gordon,* 34 App. (D.C.) 553, affd. 225 U.S. 698 [32 S.Ct. 839, 56 L.Ed 1262] ; *Merchants Loan & Trust Co.* v. *Clair,* N.Y.Ct. of Apps., 107 N.Y. 663 [14 N.E. 414, 414-415] ).

Likewise it seems clear that chapter 180 of the Nevada statutes of 1925, as amended, is a self-executing law, and that a noncompliance with its provisions *ipso facto* deprives the corporation of its charter and its right to do business within the state, or bring any suit, except as provided by section 1664, *supra.* Indeed the language of this statute is in many respects identical with that employed in the California License Tax Act of 1905 (Stats. 1905, p. 493), as amended in 1906 and 1907, which our Supreme Court held to be self-executing in the case of *Kaiser Land & Fruit Co.* v. *Curry,* 155 Cal. 638, 648-649 [103 P. 341], wherein the court stated:

"We concede the claim that the act should be construed against such *ipso facto* forfeiture if the language used is fairly susceptible of such interpretation, but we are satisfied that it is not so susceptible. . . . The language used is irreconcilable, under the decisions in this state, with any other theory than that of *ipso facto* forfeiture, and the whole frame of the act is in support of this theory."

This also appears to be the purport of the Nevada decisions. Thus the Supreme Court of Nevada has held that a corporation which has forfeited its charter under said statute, must be deemed to have expired by its own limitation, within the meaning of section 1664, and that it is dead for all purposes except that it has a right for a period of three years after the date of forfeiture of its charter to dispose of its property. (*Porter* v. *Tampa Min. & Mill Co.,* 59 Nev. 332 [93 P.2d 741, 743-745].) Likewise said court has stated that "it is after the expiration of the three years that the corporation no longer exists for any purpose." (*Seavey* v. *I. X. L. Laundry Co.,* 60 Nev. 324 [108 P.2d 853, 855-856].)

Plaintiff, in support of its contention that its failure to comply with the laws of Nevada does not preclude it from bringing this action, cites the case of *Buhler* v. *Maddison,* 105 Utah 39 [140 P.2d 933, 936]. However, it should be noted that the portion of the Buhler opinion quoted by plaintiff is mere obiter dictum for the reason that the status of the Nevada corporation therein involved was only collaterally attacked and, as the Utah court stated, no proof was offered that the corporate charter had been suspended or revoked." In the case at bar direct proof was furnished of the revocation of plaintiff's charter, and defendant's attack is not collateral in the sense of being merely incidental to the cause of action or a defense.

Furthermore, it should be noted that the case of *Porter* v. *Tampa Min. & Mill. Co., supra,* cited and relied upon by the Utah court as authority for its observation that the Nevada statute was a revenue act, not alone held that it was a revenue act but further stated at page 744 [93 P.2d] that it was also ". . . a police power act."

Since, as we have concluded, the Nevada statute worked an automatic forfeiture of plaintiff's charter prior to the commencement of this action, and this fact must be recognized and given effect by the courts of this state, it follows that plaintiff was without capacity to bring or maintain this suit.

"Unless a statute otherwise provides, a corporation after dissolution is incapable of suing or being sued as a corporation or in the corporate name." (6A Cal.Jur., p. 1506, § 889.)

Although plaintiff contends that section 399 of the Civil Code authorizes the maintenance of such a proceeding as this, it is clear that said section has no applicability to a case of this kind. Even if it could be deemed to apply to foreign corporations, despite its apparent relation only to domestic corporations, as to which alone our laws may make provision for winding up and dissolution, still it could not properly be held to apply to a corporation which has been penalized for failure to comply with the requirements of a different statute which specially covers the subject. (*Boyle* v. *Lakeview Creamery Co.*, 9 Cal.2d 16, 20 [68 P.2d 968].) The purpose of section 399 is not to enlarge the powers of a dissolved or expired corporation but rather to limit them. (*Boyle* v. *Lakeview Creamery Co., supra,* at page 20.)

Finally, the plaintiff corporation, having had no right to institute this proceeding, likewise has no right to appeal from an adverse decision. (*Boyle* v. *Lakeview Creamery Co., supra,* at page 20; 6A Cal.Jur., p. 1469, § 364.)

The motion to dismiss the appeal is granted and the appeal is dismissed.

Adams, P. J., and Thompson, J., concurred.